■ SOL HORNFELD, Doing Business as S. H. ASSOCIATES, Appellant, v MARTIN A. GAARE, Respondent.—Order, Supreme Court, New York County (Martin Evans, J.), entered November 25, 1986, which granted reargument of an order entered October 8, 1986 by the same Justice but adhered to the prior determination denying plaintiff's motion to compel defendant to pay use and occupancy for the subject premises, on the ground that the amount to be so paid should be fixed by the New York State Division of Housing and Community Renewal, and denied plaintiff's application for a declaration to compel defendant to cease using the premises for any purpose other than storage, modified, on the law, without costs, to direct entry of a judgment denying plaintiff's motion for use and occupancy, and to grant plaintiff's motion for a declaration to the extent of declaring that the defendant must vacate the premises within 30 days of service upon him of this order with notice of entry, and otherwise affirmed. Plaintiff's appeal

from the order entered October 8, 1986 is dismissed as super-seded by the appeal from the order which granted reargument but adhered to the court's prior determination, without costs.

Plaintiff is the owner of a multiple dwelling at 333 West 76th Street in Manhattan. The certificate of occupancy (CO) permits residential use of the first through fifth floors of the building, but permits use of the basement area only for "[b]oiler room, storage and office of building." In March 1982, the plaintiff rented certain space in the basement area to defendant for one year by written lease providing that the space was to be used by defendant for storage of business machines and for no other purpose. The lease was thereafter extended for a one-year period ending March 31, 1984.

In March 1984, plaintiff commenced a summary proceeding in Civil Court for nonpayment of rent for the months of February and March 1984. On September 25, 1984, Judge John R. Cannizzaro found after trial that plaintiff had permitted defendant to occupy the basement area for residential purposes, and so dismissed plaintiff's petition on constraint of the prohibition against a landlord's recovery of rent for an illegally occupied apartment set forth in Multiple Dwelling Law § 302. By order entered December 12, 1985, the Appellate Term affirmed the Civil Court's judgment dismissing the plaintiff's petition.

On September 4, 1984, the New York City Department of Housing Preservation and Development issued a violation under section D26-34.01 of the Administrative Code of the City of New York (recodified § 27-2081) which ordered plaintiff to "discontinue use of rooms for living purposes room front west cellar commercial storage used for living." Plaintiff thereupon hired a licensed professional engineer to cure the violation, and on January 2, 1985 an altered building application was filed with the Department of Buildings to legalize the basement space occupied by defendant, for use as a class A apartment. That application was denied based on several provisions of Multiple Dwelling Law § 34, at least one of which, the requirement that the ceilings of a basement apartment be at least 4 feet, 6 inches above the curb level, cannot possibly be resolved. Reconsideration was requested to waive the objection to accommodate the defendant tenant, but that too was denied. Thus, defendant has continued to occupy the basement area for residential purposes in violation of his lease and pertinent provisions of the Multiple Dwelling Law, without paying rent or use and occupancy, since February of 1984, and is leaving the plaintiff landlord exposed to civil and

criminal sanctions for failure to cure the violation so long as the defendant continues his illegal residential use of the basement space.

The instant proceeding was commenced in June 1986 by order to show cause and verified complaint setting forth in detail the above-mentioned facts, and seeking a declaration of the rights of the parties requiring that the defendant pay to plaintiff the reasonable value of use and occupancy, that he cease and desist from using the basement space for residential purposes, and that he surrender possession of the premises to the plaintiff. Defendant cross-moved to dismiss the action on the grounds of res judicata, claiming a perpetual right to renewal leases under the rent stabilization laws, and also urging that the plaintiff is not entitled to collect rent or use and occupancy because the CO prohibits the residential use to which defendant claims perpetual entitlement.

Clearly, this bizarre "Catch-22" situation is unjust, and cannot be permitted to continue. *(See, Chatsworth 72nd St. Corp. v Rigai,* 71 Misc 2d 647 [Civ Ct, NY County], *affd* 74 Misc 2d 298 [App Term], *affd* 43 AD2d 685, *affd on opn of Shainswit, J.* 35 NY2d 984.) As Judge Shainswit observed in that case (71 Misc 2d, at 651-652):

"The sanctions imposed by [Multiple Dwelling Law] section 302 presuppose a certificate of occupancy denied because of *volitional* illegality. They were designed as a tool to stimulate the conversion of unsafe and substandard dwellings into proper and legal ones * * *

"It has long been the rule that the courts will not adhere even to the apparent letter of a statute, where doing so would defeat the manifest purpose of that statute, particularly where such a construction would work either injustice or an absurdity." (Emphasis in original.)

Since the defendant's last written lease expired March 31, 1984, and since he clearly cannot be permitted to occupy the premises as his residence, judgment should be entered requiring that defendant surrender the premises to the landlord. In view of the Civil Court's determination in the prior proceeding that plaintiff had consented to defendant's use of the premises as his residence, a finding binding on plaintiff as the law of the case, plaintiff's demand for use and occupancy should be denied. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.