■ 99 COMMERCIAL STREET, INC., Appellant, v KIM LLEWELLYN et al., Respondents. [658 NYS2d 130] —In an action, *inter alia,* to recover possession of real property and to eject holdover tenants therefrom, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 24, 1996, as denied its motion

to eject the holdover tenants or to recover payment for use and occupancy.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the plaintiff's motion which was to eject the holdover tenants, and substituting therefor a provison granting possession of the subject premises to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff, 99 Commercial Street, Inc., is the owner of an "interim multiple dwelling" (Multiple Dwelling Law § 281). Owners of properties which are defined as interim multiple dwellings under the new Loft Law (Multiple Dwelling Law § 281) are afforded a sufficient amount of time in which to bring the property within compliance of the Multiple Dwelling Law pursuant to the incremental time scheme delineated in Multiple Dwelling Law § 284 (1). During the period in which the property owners are seeking to legalize these "illegal conversions of commercial, manufacturing and warehouse space * * * to residential use" (Ancona v Metcalf, 120 Misc 2d 51, 56), tenants are entitled to a right of continued occupancy of the premises (see, Multiple Dwelling Law § 286 [2]). In addition, Multiple Dwelling Law § 302 prevents an owner from recovering rent when the premises are occupied without a certificate of occupancy (see, Multiple Dwelling Law § 302 [1] [b]; § 301).

The plaintiff herein, the owner of an interim multiple dwelling, has been attempting to get a residential certificate of occupancy for its property since approximately 1989, when it first filed the application and paid the requisite fee to the proper New York City (hereinafter the City) authorities. Due to the alleged inaction of the City, as well as the lack of an easement for egress which is required for the issuance of the certificate of occupancy, the plaintiff still has not received a certificate of occupancy for the premises.

While the defendant Kim Llewellyn has been living in the subject premises since approximately 1978, she has not paid rent since March 1989. Thereafter, in 1996, the plaintiff sought to recover possession of the premises by bringing an action, *inter alia,* for ejectment against Llewellyn and a "Jane Doe" defendant allegedly sharing Llewellyn's apartment. As a protected tenant under the statutory scheme, Llewellyn contends that under the circumstances herein no action or proceeding for the recovery of rent is maintainable in the

absence of a residential certificate of occupancy. Although Llewellyn's argument has merit in a summary proceeding for the nonpayment of rent, the plaintiff herein brought an ejectment proceeding. The case at bar is an action to recover possession of real property and not to recover rent *(see, Alleyne v Townsley,* 110 AD2d 674). Accordingly, the plaintiff is not "barred by Multiple Dwelling Law § 302 based on the plaintiff's failure to obtain a certificate of occupancy for the premises" *(Jordan Mfg. Corp. v Zimmerman,* 169 AD2d 815, 816; *see also, Le Sannom Bldg. Corp. v Lassen,* 173 AD2d 249) and therefore, the plaintiff's motion to eject the defendant tenants from the subject premises should have been granted.

While the absence of the certificate of occupancy does not bar the plaintiff from recovering possession of the premises *(see, Aponte v Santiago,* 165 Misc 2d 968), it does in fact preclude the plaintiff from recovering payment for use and occupancy during the time for which no certificate of occupancy was issued for the subject premises *(see,* Multiple Dwelling Law § 302; *Broome Realty Corp. v China Print. Co.,* 157 Misc 2d 572). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.