■ David Martin et al., Respondents, v Easy Living Homes, Inc., Appellant. [790 NYS2d 467]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Burke, J.), entered July 14, 2003, which granted the plaintiffs' motion for summary judgment dismissing its counterclaim and denied its cross motion for summary judgment on its counterclaim, and (2) a judgment of the same court entered December 30, 2003, which, upon the order, dismissed the counterclaim. The notice of appeal from the order entered July 14, 2003, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

After the defendant failed to complete construction of the house it had agreed to build for the plaintiffs, the plaintiffs moved into the incomplete house, and commenced this action seeking specific performance of the contract of sale for the real property where the house was located. Rather than attempting to regain possession of the premises by commencing a summary proceeding, the defendant asserted a counterclaim for the value of the plaintiffs' use and occupancy of the subject premises. The plaintiffs moved for summary judgment dismissing the counterclaim.

The evidence submitted by the plaintiffs in support of their motion established that the defendant never procured a certificate of occupancy or rental permit for the subject premises, and the defendant's principal effectively admitted that he was aware that allowing the premises to be occupied was illegal (*see* Babylon Town Code §§ 89-28, 153-2). Accordingly, the defendant was not entitled to recover payment for the plaintiffs' use and occupancy of the premises (*see 468-470 Ninth Ave. Corp. v Randall,* 199 AD2d 13 [1993]; *Hornfeld v Gaare,* 130 AD2d 398 [1987]; *cf. Jalinos v Ramkalup,* 255 AD2d 293 [1998]; *99 Commercial St. v Llewellyn,* 240 AD2d 481 [1997]). In response to the plaintiffs' showing of their entitlement to judgment as a matter of law dismissing the counterclaim, the defendant failed to raise a triable issue of fact. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.