■ LUTINE REALTY CORP., Appellant, v PERRY FILMS, INC., et al., Respondents. [823 NYS2d 33]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered May 17, 2005, which, inter alia, granted defendant tenants' cross motion for summary judgment and dismissed the complaint, unanimously modified, on the law, to deny the cross motion with respect to the third cause of action, for use and occupancy, that cause of action reinstated, and otherwise affirmed, without costs.

Unrefuted evidence in the record establishes the long-standing acquiescence and involvement of plaintiff landlord and its predecessors-in-interest in the illegal conversion of the com-

mercial loft space in the subject building, including defendant tenants' leasehold space. The building's certificate of occupancy did not permit residential use, and the local zoning laws restricted area property development to commercial and light manufacturing uses. While there was an exception in the zoning laws that permitted combined living-working arrangements for qualified artists, the record is devoid of evidence or substantive argument indicating that such artists resided in the building. Although the landlord has no claim for use and occupancy of the leased space to the extent that it was illegally used for residential purposes (*see e.g. Hornfeld v Gaare*, 130 AD2d 398 [1987]), the tenants have admitted using the two units in question, in part, for commercial purposes, and defendant may recover use and occupancy for the commercially utilized portion of the leased space. Inasmuch as the extent of the commercial use is unclear from the record, a trial on that issue is warranted to determine the use and occupancy to which the landlord would be entitled. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.