■ TAN HOLDING CORP., Appellant, v LINDA EKLUND, Respondent. [823 NYS2d 31]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered May 17, 2005, which, inter alia, granted defendant's motion for summary judgment and dismissed the complaint, unanimously affirmed, without costs.

Unrefuted evidence in the record establishes the long-standing acquiescence and involvement of plaintiff landlord and its predecessors-in-interest in the illegal conversion of the commercial loft space in the subject building, including defendant tenant's leasehold space. The building's certificate of occupancy did not permit residential use, and the local zoning laws restricted area property development to commercial and light manufacturing uses. While there was an exception in the zoning laws that permitted combined living-working arrangements for qualified artists, the record is devoid of evidence or substantive argument indicating that such artists resided in the building. Under the circumstances obtaining, the landlord had no claim

against defendant tenant for use and occupancy (*see e.g. Hornfeld v Gaare*, 130 AD2d 398 [1987]); its sole recourse was to eject the tenant (*see id.; and see 99 Commercial St. v Llewellyn*, 240 AD2d 481, 483 [1997], *lv denied* 90 NY2d 809 [1997]). Here, however, the tenant had voluntarily vacated, rendering the landlord's causes of action seeking possession of the leased space moot. While plaintiff contends that it may recover use and occupancy to the extent that the leased space was used for commercial purposes, there is no evidence that the space was used for other than residential purposes. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.