■ SHEILA PROPERTIES, INC., Respondent-Appellant, v A REAL GOOD PLUMBER, INC., et al., Defendants, and ELIZABETH KELLE-HER, Appellant-Respondent. (Action No. 1.) ELIZABETH KELLE-HER, Appellant, v SHEILA PROPERTIES, INC., Respondent, et al., Defendants. (Action No. 2.) [904 NYS2d 709]—

In an action, inter alia, to recover possession of real property and to eject holdover tenants therefrom (action No. 1), and a related action, among other things, for a judgment declaring that the subject premises is subject to the rent stabilization laws (action No. 2), Elizabeth Kelleher, a defendant in action No. 1 and the plaintiff in action No. 2, appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 13, 2008, as granted those branches of the motion of Sheila Properties, Inc., the plaintiff in action No. 1 and a defendant in action No. 2, which were to dismiss the first, second, and third causes of action in action No. 2 pursuant to CPLR 3211 (a) (7), and (2) from so much of an order of the same court dated June 1, 2009, as denied her cross motion, inter alia, for leave to renew her cross motion for

leave to amend her answer, which had been denied in an order dated March 2, 2007, and Sheila Properties, Inc., cross-appeals, as limited by its brief, from so much of the order dated June 1, 2009, as denied its motion for summary judgment on so much of its cause of action asserted in action No. 1 as sought a judgment of ejectment removing Elizabeth Kelleher from the subject premises.

Ordered that the order dated November 13, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 1, 2009, is reversed insofar as cross-appealed from, on the law, and the motion of Sheila Properties, Inc., for summary judgment on so much of its cause of action asserted in action No. 1 as sought a judgment of ejection removing Elizabeth Kelleher from the subject premises is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment; and it is further;

Ordered that the order dated June 1, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Sheila Properties, Inc., payable by Elizabeth Kelleher.

Sheila Properties, Inc. (hereinafter Sheila), was the owner of a commercial warehouse building (hereinafter the premises), containing approximately 100 commercial/residential units, one of which was occupied by Elizabeth Kelleher, an artist, pursuant to a sublease (see Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424 [2009]). Sheila commenced an action (hereinafter action No. 1) against Kelleher and other tenants, inter alia, to recover possession of the premises and to eject certain holdover tenants from their units, including Kelleher.

Thereafter, Kelleher commenced an action (hereinafter action No. 2) against Sheila and others seeking, inter alia, a declaration that she was entitled to a renewal lease and that the premises was a de facto multiple dwelling subject to the Loft and Rent Stabilization Laws. Kelleher's lease expired on September 29, 2008, during the pendency of both actions, but she failed to vacate the premises.

As a result, Sheila moved for summary judgment in action No. 1 on so much of its cause of action as sought a judgment of ejectment removing Kelleher from the premises. Kelleher cross-moved in action No. 1, inter alia, for leave to renew her cross motion for leave to amend her answer to add a defense based upon the building being subject to the Loft and Rent Stabilization Laws. The Supreme Court denied the motion and cross mo-

tion. We reverse the order dated June 1, 2009, insofar as cross-appealed from.

Under the common law, "[a]n owner of a de facto multiple dwelling is entitled to a judgment of ejectment where the tenant occupies the premises in violation of the terms of the lease" (*Caldwell v American Package Co., Inc.*, 57 AD3d 15, 26 [2008]; *see* RPAPL art 6). "No statute abrogates the common-law rule that notice is unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term" (*Alleyne v Townsley*, 110 AD2d 674, 675 [1985]; *see 99 Commercial St. v Llewellyn*, 240 AD2d 481, 483 [1997]).

Applying these principles herein, Sheila established its prima facie entitlement to summary judgment on so much of its cause of action as sought a judgment of ejectment removing Kelleher from the premises by demonstrating, inter alia, that her tenancy had a fixed and definite term which had expired. Since this was a common-law action for ejectment, Sheila was not required to provide a notice of termination prior to seeking ejectment of Kelleher (*see 99 Commercial St. v Llewellyn*, 240 AD2d at 483; *Alleyne v Townsley*, 110 AD2d at 675). No triable issue of fact was raised in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court erred in denying Sheila's motion for summary judgment on so much of its cause of action as sought a judgment of ejectment removing Kelleher from the premises.

Contrary to Kelleher's contention, the Supreme Court properly denied her cross motion, inter alia, for leave to renew, upon determining that the purported change in law, which she propounded as a ground for renewal, would not change the outcome of her prior cross motion for leave to amend her answer (*see* CPLR 2221 [e] [2]; *Rosenberger v Rosenberger*, 63 AD3d 898, 900 [2009]).

Kelleher's remaining contentions are without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.