■ RPAI PELHAM MANOR, LLC, as Successor in Interest to ACADIA PELHAM MANOR, LLC, Respondent, v TWO TWENTY FOUR ENTERPRISES, LLC, Appellant. [42 NYS3d 267]—

In an action, inter alia, to recover possession of real property, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Scheinkman, J.), dated April 10, 2014, as, upon an order of the same court dated February 6, 2014, granting that branch of the plaintiff's motion which was for summary judgment on so much of the cause of action for ejectment as sought possession of the subject premises, is in favor of the plaintiff and against it directing it to vacate the subject premises and awarding possession of the subject premises to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In March 2008, the defendant entered into an agreement with Acadia Pelham Manor, LLC (hereinafter Acadia), to lease space in a shopping center. In January 2011, subsequent to the settlement of a summary proceeding brought against the defendant predicated upon nonpayment of rent, the defendant and Acadia executed an amendment to the lease. The amendment provided, inter alia, that Acadia waived $473,486.71 in past due rent and the defendant was to pay $178,150 of the remaining balance of past due rent (hereinafter reimbursable arrearages) in 12 equal installments beginning on January 1, 2013. Additionally, the amendment provided that if the defendant failed to pay fixed minimum rent, additional rent, and/or reimbursable arrearages when due, Acadia had the right, upon 10 days' prior written notice, to terminate the lease. In a letter dated January 28, 2013, Acadia informed the defendant that, due to its failure to pay the fixed minimum rent for January 2013, additional rent, and the first installment of reimbursable arrearages, the lease would be terminated upon the expiration

of 10 days from the defendant's receipt or refusal of delivery of the notice.

In February 2013, Acadia commenced the instant action and, in April 2013, moved, inter alia, for summary judgment on so much of the cause of action for ejectment as sought possession of the subject premises. While the motion was pending, Acadia assigned its interest in the shopping center to RPAI Pelham Manor, LLC, and, pursuant to a so-ordered stipulation, RPAI Pelham Manor, LLC, was substituted as the plaintiff. In an order dated February 6, 2014, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on so much of the cause of action for ejectment as sought possession of the subject premises. The defendant's appeal from that order was dismissed for failure to perfect. The defendant now appeals from a judgment dated April 6, 2014, which is in favor of the plaintiff and against it directing it to vacate the subject premises and awarding possession of the subject premises to the plaintiff.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law with respect to so much of the cause of action for ejectment as sought possession of the subject premises by establishing that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate (*see Merkos L'Inyonei Chinuch, Inc. v Sharf,* 59 AD3d 408, 410 [2009]). In opposition, the defendant failed to raise a triable issue of fact (*see e.g. Sheila Props., Inc. v A Real Good Plumber, Inc.,* 74 AD3d 779, 781 [2010]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on so much of the cause of action for ejectment as sought possession of the subject premises. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.