Blake Rising, LLC v Atlantic Collision, Inc. (2020 NY Slip Op 04450)





Blake Rising, LLC v Atlantic Collision, Inc.


2020 NY Slip Op 04450


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-02885
 (Index No. 510056/15)

[*1]Blake Rising, LLC, appellant-respondent, 
v
Atlantic Collision, Inc., respondent-appellant, et al., defendants.


Steven I. Hilsenrath, Valley Stream, NY (Bradley C. Gutkin of counsel), for appellant-respondent.
Stephen G. Reddan, Valley Stream, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals, and the defendant 850 Atlantic Collision, Inc., incorrectly sued herein as Atlantic Collision, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 23, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint and dismissing that defendant's counterclaim. The order, insofar as cross-appealed from, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On June 24, 2015, the plaintiff purchased real property located on Blake Avenue in Brooklyn. The defendant 850 Atlantic Collision, Inc. (hereinafter 850 Atlantic), incorrectly sued herein as Atlantic Collision, Inc., was occupying the property. The plaintiff commenced this action, inter alia, for ejectment. In its answer, 850 Atlantic asserted a counterclaim alleging that it is the owner of the property by adverse possession. The plaintiff moved for summary judgment on the complaint and dismissing the counterclaim, and 850 Atlantic cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim. The Supreme Court denied the motion and the cross motion. The plaintiff appeals, and 850 Atlantic cross-appeals.
To demonstrate entitlement to judgment on a cause of action for ejectment, a plaintiff must establish " (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate'" (City of New York v Anton, 169 AD3d 999, 1001, quoting RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126). The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law with respect to its cause of action seeking ejectment. The plaintiff demonstrated that it was the owner of the subject property and that 850 Atlantic was in possession of it. However, the plaintiff did not show that it had an immediate right to possession of the property.
Further, 850 Atlantic failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim. In 2008, the Legislature enacted amendments to the adverse possession statutes (see L 2008, ch 269). Here, however, where title to the property allegedly vested by adverse possession prior to the effective date of the amendments, the law in effect prior to the amendments is applicable (see Estate of Becker v Murtagh, 19 NY3d 75, 81 n 4; 5262 Kings Hwy., LLC v Nadia Dev., LLC, 121 AD3d 748, 749). Accordingly, "[t]o establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see Hogan v Kelly, 86 AD3d 590, 592). "The character of the possession must be such that it would give the owner a cause of action in ejectment against the occupier. In addition, where, as here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish that the land was usually cultivated or improved or protected by a substantial inclosure" (Air Stream Corp. v 3300 Lawson Corp., 99 AD3d 822, 825 [internal quotation marks omitted]). "Because the acquisition of title by adverse possession is not favored under the law, these elements must be proven by clear and convincing evidence" (Estate of Becker v Murtagh, 19 NY3d at 81; see Air Stream Corp. v 3300 Lawson Corp., 99 AD3d at 825). Here, 850 Atlantic failed to meet its prima facie burden, as it failed to establish that its possession of the property was hostile and under a claim of right.
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion and 850 Atlantic's cross motion.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court