Noamex, Inc. v Domsey Worldwide, Ltd. (2021 NY Slip Op 01422)





Noamex, Inc. v Domsey Worldwide, Ltd.


2021 NY Slip Op 01422


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-13419
 (Index No. 509566/18)

[*1]Noamex, Inc., respondent, 
v
Domsey Worldwide, Ltd., appellant.


Rosenberg Feldman Smith, LLP (Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Sean Harriton], of counsel), for appellant.
Lazer, Aptheker, Rosella & Yedid, P.C., Melville, NY (Giuseppe Fanzella of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for use and occupancy of the subject premises, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 12, 2019. The order granted the plaintiff's motion for summary judgment on the causes of action for a judgment declaring that it validly terminated a sublease and for ejectment, on the issue of liability on the cause of action to recover damages for use and occupancy, and dismissing the defendant's affirmative defenses, and denied the defendant's cross motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the termination of the parties' sublease was valid.
In August 2014, the plaintiff entered into a prime lease with the owner of a warehouse building in Brooklyn. At the same time, the plaintiff entered into a sublease whereby the defendant sublet a portion of the premises from the plaintiff.
The sublease provided that it was "subject to all of the terms of the Prime Lease . . . excepting only as otherwise specifically provided for herein," and that "except as otherwise provided in this Sublease, the relationship between [the plaintiff] and [the defendant] shall be governed by the . . . Prime Lease" (emphasis added). The sublease went on to recite that "this Sublease shall automatically terminate upon termination of the Prime Lease," and that in addition to the other provisions of the prime lease applicable to the sublease, the plaintiff could also terminate the sublease under the following circumstances: "[i]n the event that [the plaintiff] would seek to terminate the Prime Lease, [the plaintiff] shall provide [the defendant] not less than one (1) year prior written notice of such intent."
After learning of the owner's plans to sell the premises, the plaintiff notified the defendant, by letter dated August 9, 2017, that the plaintiff had elected to terminate the prime lease with the property owner as of August 14, 2018, and that pursuant to the express terms of the sublease, the sublease would automatically terminate as of that date. It is undisputed that the [*2]defendant did not vacate on the scheduled termination date and continues to occupy the premises.
The plaintiff commenced the instant action seeking, inter alia, a declaration that it had validly terminated the sublease, ejectment, and to recover damages for the defendant's continued use and occupancy of the premises. The plaintiff moved for summary judgment on the foregoing causes of action and dismissing the affirmative defenses asserted in the defendant's answer. The defendant cross-moved for summary judgment dismissing the amended complaint. In an order dated November 12, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals, and we affirm.
The plaintiff demonstrated its prima facie entitlement to a declaration that it validly terminated the sublease after properly giving notice of termination in accordance with the express and unambiguous terms of the sublease. The plaintiff's letter dated August 9, 2017, complied with the termination and notice provisions of the sublease, and the defendant failed to raise a triable issue of fact in opposition to this prima facie showing. Thus, the plaintiff was entitled to summary judgment on the cause of action for declaratory relief (see Zuckerman v City of New York, 49 NY2d 557, 563).
The plaintiff further demonstrated its prima facie entitlement to judgment as a matter of law on the cause of action for ejectment by establishing that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate (see City of New York v Anton, 169 AD3d 999, 1001-1002; RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410). In opposition, the defendant failed to raise a triable issue of fact (see e.g. RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d at 1126; Sheila Props., Inc. v A Real Good Plumber, Inc., 74 AD3d 779, 781; see generally Zuckerman v City of New York, 49 NY2d at 562). Therefore, the plaintiff was entitled to summary judgment on the cause of action for ejectment.
In view of the foregoing, the plaintiff also demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability with respect to the cause of action to recover damages for the defendant's continued use and occupancy of the subject premises beyond the termination date of the sublease (see generally Marini v Lombardo, 79 AD3d 932, 935; Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559). Since the defendant's holdover status was established and no triable issue of fact was raised in opposition to the plaintiff's prima facie showing, the plaintiff was entitled to summary judgment on this cause of action.
Additionally, the Supreme Court did not err in granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses, as they were without any legal or factual basis and presented no unresolved material issues of fact (see Becher v Feller, 64 AD3d 672, 677; Lopez v 121 St. Nicholas Ave. H.D.F.C., 28 AD3d 429, 430).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion and denied the defendant's cross motion.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the termination of the parties' sublease was valid (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court