Ambrosov v Klein (2025 NY Slip Op 00941)

Ambrosov v Klein

2025 NY Slip Op 00941

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-00145
2022-00857
 (Index No. 515636/20)

[*1]Sergey Ambrosov, respondent,
v
Alex Klein, et al., appellants.

Law Office of Alex Klein, PLLC, Brooklyn, NY (Alex Klein pro se of counsel), for appellants.
Richland & Falkowski, PLLC, Long Island City, NY (Daniel Richland of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for use and occupancy of the subject premises, the defendants appeal from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 2, 2021, and (2) a judgment of the same court entered January 6, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the defendants' affirmative defenses. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the principal sum of $45,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff owned a certain premises located in Brooklyn. The plaintiff leased the premises to the defendants. The parties contracted for the sale of the premises, but, ultimately, the sale was terminated. The plaintiff commenced this action against the defendants to recover damages for the use and occupancy of the premises from March 2019 to August 2020. In their answer, the defendants asserted various affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint and to strike the defendants' affirmative defenses. In an order dated December 2, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion. On January 6, 2022, a judgment was entered, upon the order, in favor of the plaintiff and against the defendants in the principal sum of $45,000. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was [*2]for summary judgment on the complaint, which sought to recover damages pursuant to Real Property Law § 220 for use and occupancy of the premises. The plaintiff demonstrated, prima facie, his entitlement to damages for the defendants' continued use and occupancy of the premises beyond the termination date of the agreement (see Noamex, Inc. v Domsey Worldwide, Ltd., 192 AD3d 817, 819; Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 627). In opposition, the defendants failed to raise a triable issue of fact.
Additionally, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses (see Noamex, Inc. v Domsey Worldwide, Ltd., 192 AD3d at 819).
The defendants' remaining contentions are without merit.
Accordingly, we affirm the judgment.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court