Quiogue Prop. Mgt., LLC v Torres (2025 NY Slip Op 04115)

Quiogue Prop. Mgt., LLC v Torres

2025 NY Slip Op 04115

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-05141
 (Index No. 622722/23)

[*1]Quiogue Property Management, LLC, appellant,
v
Gina Torres, also known as Gina Makransky, respondent.

Hulse McNulty PLLC, Sound Beach, NY (Jeffrey B. Hulse of counsel), for appellant.
Bernbach Law Firm PLLC, Quogue, NY (Jeffrey M. Bernbach of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated March 11, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The defendant, Gina Torres, also known as Gina Makransky (hereinafter Gina), maintains that she is the beneficial owner of a single-family home that she occupies in the Town of Southampton (hereinafter the premises). In November 2022, Gina commenced an action in the Supreme Court against the plaintiff, among others, in which she sought a judgment declaring that she is the beneficial owner of the premises (hereinafter the Makransky action). As alleged in the complaint in the Makransky action, Gina obtained occupancy of the premises after she married the son of its prior owner, Mary Elizabeth Makransky (hereinafter Mary), who promised Gina that, if she remained married to Mary's son, Gina could reside at the premises indefinitely and eventually Mary would convey the premises to Gina.
On or about December 2, 2022, the plaintiff commenced a holdover proceeding in the Justice Court, Town of Southampton, for possession of the premises and a warrant of eviction against Gina. However, the Justice Court dismissed the proceeding, without prejudice, concluding that the holdover proceeding and the Makransky action shared similar causes of action and a "substantial identity of the parties."
Thereafter, the plaintiff moved pursuant to CPLR 3211(a) to dismiss the complaint in the Makransky action, arguing that the alleged oral contract between Gina and Mary was unenforceable for lack of consideration and because it violated the statute of frauds. In an order dated April 14, 2023, the Supreme Court granted the motion, determining, in part, that "if the alleged oral agreement exists between [Gina] and [Mary], it may not be enforced as it is not bi-lateral and lacks consideration as a matter of law. The facts, as alleged by [Gina] . . . outline an invalid contract that lacks valid consideration. Further, the allegations asserted by [Gina] violate the statute of [*2]frauds, and are therefore, unenforceable. Conveyances and contracts concerning real property are required to be in writing."
In May 2023, the plaintiff commenced a second holdover proceeding in the Justice Court, Town of Southampton, to evict Gina from the premises. In an order dated September 8, 2023, the Justice Court granted Gina's motion to dismiss the proceeding, finding that it lacked subject matter jurisdiction because Gina was not a licensee (hereinafter the Justice Court order). In the order, the Justice Court stated that Gina obtained possession of the premises "by virtue of her marriage to William Makransky" and she continues to occupy the premises "as equitable owner/vendee pursuant to the agreement with [Mary] to transfer title to her." The Justice Court further found that "[a]dditionally" the plaintiff "is NOT a bona fide purchaser for value." It does not appear that the plaintiff appealed from, or otherwise directly challenged, the Justice Court order.
Shortly thereafter, the plaintiff commenced this action, inter alia, for ejectment and immediate possession of the premises. Gina moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that it was barred by the doctrine of collateral estoppel based on the findings set forth in the Justice Court order. By order dated March 11, 2024, the Supreme Court granted the motion. The plaintiff appeals.
To establish prima facie entitlement to ejectment, a plaintiff must show that "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (Blake Rising, LLC v Atlantic Collision, Inc., 186 AD3d 551, 552 [internal quotation marks omitted]; see City of New York v Anton, 169 AD3d 999, 1001).
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Villaver v Paglinawan, 230 AD3d 533, 535). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Villaver v Paglinawan, 230 AD3d at 535). "[C]ollateral estoppel is a flexible doctrine" (Gilberg v Barbieri, 53 NY2d 285, 292; see Matter of Dunn, 24 NY3d at 704), and it is based on principles of fairness and "the facts and [practical] realities of a particular litigation, rather than rigid rules" (Buechel v Bain, 97 NY2d 295, 303; see Matter of Dunn, 24 NY3d at 704; Gilberg v Barbieri, 53 NY2d at 291; Shifer v Shifer, 165 AD3d 721, 723). Furthermore, a court's dicta is not subject to the preclusive effect of the doctrine of collateral estoppel (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 146, 155).
Contrary to the Supreme Court's determination, under the circumstances present here, collateral estoppel does not bar this action. As an initial matter, the Justice Court's finding that the plaintiff was not a bona fide purchaser for value of the premises constituted mere dicta and, therefore, had no preclusive effect in this action (see id.).
Turning to that portion of the Justice Court order concluding that Gina is an "equitable owner/vendee," there are several reasons that this determination does not have preclusive effect in this action. The Justice Court is a court of limited jurisdiction (see UJCA 204) and cannot affirmatively determine issues of title (see id. §§ 201, 204; Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept, 9th and 10th Jud Dists]; Desiano v Fitzgerald, 53 Misc 3d 935, 940- 941 [Peekskill City Ct]). We cannot overlook the conflict between the Supreme Court's order in the Makransky action and the Justice Court order, which was issued in a summary proceeding without any testimony. This action stems from complicated factual and legal issues that have not been tested by discovery or a full course of litigation in a court of general jurisdiction. It would be untenable and unfair to deny the plaintiff the opportunity to fully litigate the relevant issues in a forum that has the jurisdiction to resolve them. Under all these circumstances, the Justice Court order should not be given preclusive effect here (see generally Gilberg v Barbieri, 53 NY2d at 292).
Accordingly, the Supreme Court should have denied Gina's motion pursuant to CPLR [*3]3211(a) to dismiss the complaint.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court