MRR Prop. Solutions, LLC v Jiang (2025 NY Slip Op 04342)

MRR Prop. Solutions, LLC v Jiang

2025 NY Slip Op 04342

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

456 CA 24-01945

[*1]MRR PROPERTY SOLUTIONS, LLC, PLAINTIFF-RESPONDENT,
v
HAIBO JIANG, DEFENDANT-APPELLANT. 

THE GARAS LAW FIRM, LLP, WILLIAMSVILLE (JOHN C. GARAS OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN B. FRIEDMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered August 22, 2024 in a property ejectment action. The order, insofar as appealed from, granted the motion of plaintiff for summary judgment, dismissed the counterclaims, determined that plaintiff is entitled to possession of the property, and directed defendant to vacate the property. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, the counterclaims are reinstated, and the third through fifth ordering paragraphs are vacated.
Memorandum: In this real property ejectment action, defendant appeals from an order to the extent that it granted plaintiff's motion for summary judgment on the complaint and dismissing defendant's counterclaims, determined that plaintiff is entitled to possession of the property, and directed defendant to vacate the property. We reverse the order insofar as appealed from.
"To establish a prima facie entitlement to ejectment, a plaintiff must show that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (Stamp Rite Tool & Die Corp. v Branded Leather, Inc., 236 AD3d 1076, 1078 [2d Dept 2025] [internal quotation marks omitted]; see RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126 [2d Dept 2016]). Once a plaintiff has met its prima facie burden establishing entitlement to ejectment, the burden shifts to the defendant to raise a triable issue of fact (see RPAI Pelham Manor, LLC, 144 AD3d at 1126; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Here, we conclude that plaintiff met its initial burden on the motion. Plaintiff described two transactions in its motion, i.e., defendant's transfer of the property to a nonparty and the nonparty's transfer of the property thereafter to plaintiff. Plaintiff established, through the submission of an affidavit of one of its members and the relevant warranty deeds, that it is the owner of the property with an immediate right to possession (cf. Peerless Constr. Co., Inc. v Mancini, 96 AD2d 666, 667 [3d Dept 1983], lv denied 61 NY2d 601 [1983]; see generally Ensign v Ensign, 120 NY 655, 656 [1890]; Streeter Constr. Co. v Kenny, 209 App Div 697, 703 [1st Dept 1924]). Moreover, it is undisputed that defendant is in possession of the property (see generally Gibson v Thomas, 180 NY 483, 493 [1905]; Ward v Ward, 52 AD3d 919, 921 [3d Dept 2008]).
We agree with defendant, however, that he raised triable issues of fact sufficient to defeat the motion. " '[I]f an owner purports to convey title to real property as security for a loan; the conveyance is deemed to create a lien rather than an outright conveyance, even though the deed [*2]was recorded' " (RTT Holdings, LLC v Nacht, 206 AD3d 836, 840-841 [2d Dept 2022]; see Booth v Landau, 103 AD2d 733, 734 [2d Dept 1984], appeal dismissed 63 NY2d 764 [1984]). Here, defendant submitted, inter alia, his own affidavit as well as a memorandum prepared by the nonparty that raised issues of fact whether the first transaction between defendant and the nonparty constituted a mortgage. Indeed, the memorandum stated, "[w]e will deal with the $600,000 loan (plus interest) later when we sell the house back to you" (see generally Bouffard v Befese, LLC, 111 AD3d 866, 869 [2d Dept 2013]). Viewing the facts in the light most favorable to defendant as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we conclude that defendant raised an issue of fact requiring denial of plaintiff's motion.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court