NSL Special Assets 3 LLC v Van Bergen (2026 NY Slip Op 50241(U))

[*1]

NSL Special Assets 3 LLC v Van Bergen

2026 NY Slip Op 50241(U)

Decided on March 2, 2026

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2026
Supreme Court, Kings County

NSL Special Assets 3 LLC, Plaintiff,

againstLoretta Van Bergen and SCOTT VAN BERGEN, Defendants.

Index No. 521625/2024

Attorney for PlaintiffCharles H. SmallCHARLES H. SMALL ATTORNEY AT LAWSeven Penn Plaza Suite 420New York, NY 10001212-760-8000[email protected]Attorney for DefendantsNone recorded

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on October 21, 2025, under motion sequence number two, by NSL Special Assets 3 LLC (hereinafter the plaintiff), for an order permitting reargument of so much of plaintiff's motion sequence number one which denied plaintiff's motion for summary judgment as against defendant, Scott Van Bergen and denied plaintiff's motion for an order of ejectment, evicting defendants Loretta Van Bergen and Scott Van Bergen from possession of the subject premises and upon the granting of reargument, granting plaintiff's motion for summary judgment in all respects, as well as default judgment against the defendant, Loretta Van Bergen, and for such other and further relief as this court deems just and proper. The motion is unopposed.
-Notice of motion-Affidavit in support-Memorandum of law in support
BACKGROUNDOn August 12, 2024, the plaintiff commenced the instant action for an ejectment by filing [*2]a summons and verified complaint (hereinafter the commencement papers) with the Kings County Clerk's office (hereinafter KCCO).
The verified complaint alleges the following salient facts. Plaintiff is the owner in fee of the land and building of a two story one family house located at a certain address in Brooklyn, NY (hereinafter the subject property). In March of 2024 plaintiff executed a written contract of sale of the subject property with defendant Loretta Van Bergen, who was residing in the subject property. The agreed upon purchase price was $775,000.00. Upon the signing of the contract, Loretta Van Bergen paid plaintiff the sum of $75,000.00 as a downpayment and agreed to pay the balance in the sum of $700,000.00 at closing.
The closing was scheduled to take place on or about April 5, 2024. Loretta Van Bergen defaulted and has failed to pay the plaintiff the balance due on the contract. Defendants have been served with a Notice of Termination demanding that they vacate and surrender possession of the subject property to plaintiff, on or before July 31, 2024. Defendants are unlawfully and wrongfully in possession of the subject property.
On September 9, 2024, defendant Scott Van Bergen interposed and filed an answer with counterclaim with the KCCO.
By notice of motion filed on November 26, 2024, under motion sequence number one (hereinafter the prior motion), NSL sought an order: (1) amending the caption by correcting the spelling of the second defendant to: "Scott Van Bergen", (2) striking defendant Scott Van Bergen's pro se answer, (3) granting summary judgment in favor of plaintiff and against defendant, Scott Van Bergen, (4) providing for an order of ejectment evicting defendant, Scott Van Bergen, from possession of the subject premises, and (5) granting a judgment of ejectment and/or warrant of eviction, on default, as against defendant, Loretta Van Bergen. The motion was unopposed.
By decision and order issued on August 25, 2025 (hereinafter the prior order), the Court: (1) granted the branch of the motion for an order amending the caption by correcting the spelling of the second defendant to Scott Van Bergen, (2) denied without prejudice the branch of the motion for an order striking defendant Scott Van Bergen's pro se answer, (3) denied the branch of the motion for an order granting summary judgment in favor of plaintiff against Scott Van Bergen, (4) denied without prejudice the branch of the motion for an order of ejectment evicting Scott Van Bergen, and (5) denied without prejudice the branch of the motion for an order granting a judgment of ejectment and/or warrant of eviction against defendant, Loretta Van Bergen on default. 
LAW AND APPLICATION"Motions for reargument are addressed to the sound discretion of the court that decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law" (Bank of NY Mellon v Mor, 201 AD3d 691, 694 [2d Dept 2022]).
By the prior motion, the plaintiff sought an order striking the answering defendant's pro se answer, by claiming, in sum and substance, that it was baseless. The answering defendant's pro se answer consisted of a general denial, several allegations of fact, and one counterclaim. 
By the prior order, the Court found that the plaintiff's motion papers were ambiguous as to whether the plaintiff was seeking dismissal of the Scott Van Bergen's pro se answer pursuant to CPLR 3211 (a), CPLR 3211 (b), CPLR 3212, or some other basis (NSL Special Assets 3 LLC [*3]v Van Bergen, 86 Misc 3d 1266[A], 2025 NY Slip Op 51356[U] [Sup Ct, Kings County 2025]).
By the prior order, the Court denied the branch of the motion to strike the general denial. The Court also denied the striking of the balance of the pleading, including the counterclaim based on the plaintiff's failure to specify whether the motion was made pursuant to CPLR 3211 (a), CPLR 3211 (b), CPLR 3212, or through some other procedural vehicle. The Court found that the ambiguity prevented the Court from applying the correct standard of review against the balance of the answer and the counterclaim.
The court did misapprehend the law in denying that branch of the plaintiff's motion which sought an order striking the answer and counterclaim of defendant Scott Van Bergen. Even though the plaintiff did not set forth the procedural vehicle for striking the answer, the fact that Scott Van Bergen did not oppose the motion gave the Court authority to deem his answer and counterclaims abandoned. 
Therefore, the Court grants reargument and vacates part of its prior order and adheres to part of its prior order for the reasons set forth herein.
Motion to Strike the Answer of Scott Van BergenThe branch of the plaintiff's motion seeking to strike the pro se answer with counterclaim of defendant Scott Van Bergen is granted as it was abandoned by Scott Van Bergen's failure to oppose the motion (see Medina v 1277 Holdings, LLC, 234 AD3d 839, 842-843 [2d Dept 2025]).
Motion for Summary Judgment against Scott Van BergenIn the prior motion, Scott Van Bergen did not oppose the branch of the plaintiff's motion seeking summary judgment and granting plaintiff an order of ejectment. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e., 'defaulted')" (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 278 n [1st Dept 2006], citing Vermont Teddy Bear Co., v 1-800 Beargram Co., 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the . . . court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see Cugini v System Lumber Co., Inc., 111 AD2d 114, 115 [1st Dept 1985]).
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issue of fact (Giuffrida v Citibank, 100 NY2d 72, 81 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
"Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, 'that there is no defense to the cause of action or that the cause of action or defense has no merit'" (People v Grasso, 50 AD3d 535, 544 [1st Dept 2008]). "Further, all the evidence must be viewed in the [*4]light most favorable to the opponent of the motion" (People v Grasso, 50 AD3d 535, 544 [1st Dept 2008], citing Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610, 610 [2d Dept 1990]).
"To demonstrate entitlement to judgment on a cause of action for ejectment, a plaintiff must establish '(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate'" (City of New York v Anton, 169 AD3d 999, 1001 [2d Dept 2019], citing RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126 [2d Dept 2016]).
Here, the plaintiff established, prima facie, that it was the owner of the premises and that the Lorreta Van Bergen and Scott Van Bergen were in present possession of the premises. However, the plaintiff failed to establish that it had a present or immediate right to possession of the premise (see Stamp Rite Tool & Die Corp. v Branded Leather, 236 AD3d 1076, 1078 [2d Dept 2025]). 
Here, the plaintiff presented no evidence setting forth how and why Lorreta Van Bergen and Scott Van Bergen had occupancy of the subject property. The plaintiff annexed a notice of termination of the defendants' tenancy at sufferance or at will. However, no evidence was presented demonstrating that they were tenants at sufferance or tenants at will. In the absence of any evidence of the plaintiff's status as tenants or occupants of the subject property, plaintiff did not present evidence demonstrating a present or immediate right to possession superior to the defendants.
Moreover, by granting the motion to strike Scott Van Bergen's answer, there was no longer joinder of issue and summary judgment was no longer available. Therefore, the Court adheres to it prior order denying summary judgment and an order of ejectment as against Scott Van Bergen.
Motion For a Default Judgment Against Lorreta Van BergenCPLR 3215 provides in pertinent part as follows:
(a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him . . .(f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due . . . by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney . . ."On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2d Dept 2011], citing CPLR 3215 [f]). "CPLR 3215 (f) states specifically, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim are to be set forth in an affidavit 'made by the [*5]party'" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2d Dept 2009]).
Here, the complaint was verified by Michael Weintraub, the managing member of the plaintiff, and, as such, the complaint can serve as an affidavit of the plaintiff's claim in accordance with CPLR 105 (u) (see CPLR 105 [u]). On August 19, 2024, plaintiff filed an affidavit of service of the commencement papers with the KCCO. The filed affidavit of the plaintiff's process server demonstrated proper service of the commencement papers upon defendant Loretta Van Bergen pursuant to CPLR 308 (2) and that service was completed on August 29, 2024.
The issue remaining was whether the motion papers set forth a viable claim for a default judgment granting an ejectment of the defendant. For the reasons previously explained herein it did not.
The Court adheres to its prior determination denying an order of ejectment against Lorreta Van Bergen and Scott Van Bergen, but for different grounds than that which was set forth in the prior order. The denial is without prejudice to submission of proper papers demonstrating a viable claim for ejectment.
CONCLUSIONThe branch of the motion by plaintiff NSL Special Assets 3 LLC for an order granting reargument of plaintiff's motion sequence number one is granted.
Upon reargument, the branch of the motion by plaintiff NSL Special Assets 3 LLC for an order striking the answer with counterclaim of defendant Scott Van Bergen is granted. 
Upon reargument, the branch of the motion by plaintiff NSL Special Assets 3 LLC for an order granting summary judgment and an order of ejectment as against defendant Scott Van Bergen is denied.
Upon reargument, the branch of the motion by plaintiff NSL Special Assets 3 LLC for an order granting a default judgment and an order of ejectment against the defendant Loretta Van Bergen is denied. 
The denial of an order of ejectment on default against defendant Loretta Van Bergen is without prejudice to the submission of proper papers setting forth a viable claim for ejectment.
The foregoing constitutes the decision and order of this Court.
ENTER:J.S.C.