(January 29, 1945.)

WALTER J. McCABE, Respondent, *v.* HENRY COHEN et al., Respondents, and GEDEX REALTY CORPORATION, Appellant.

MEMORANDUM BY THE COURT. The case was tried on the theory that sections 564-15.0 and C26-193.0 of the Administrative Code of the City of New York applied to the facts here involved. With that theory we are in accord. In any event, no proper exception was taken to the charge in that connection and, therefore, it became the law of the case. The case was also submitted to the jury on the theory that appellant was liable for the maintenance of a statutory nuisance even after conveyance by appellant of title to the property, provided nothing occurred between the time of the conveyance and the happening of the accident to change the condition which existed at the time of the conveyance. No exception was taken to this portion of the charge and that, too, became the law of the case. Further, the jury could find under the charge, as amplified at folios 1533-1534, that the stairway involved was a nuisance under the statute referred to and that sufficient time had not elapsed for the vendee to inspect and remedy the defect. Under such circumstances, appellant is liable even after conveyance. (*Pharm* v. *Lituchy*, 283 N. Y. 130.) The jury exonerated the vendee. It is "abhorent to our notions of justice to relieve the vendor before fixing liability on the vendee." (*Kilmer* v. *White*, 254 N. Y. 64, 71.) The theories urged by our dissenting brethren for reversal were not urged upon the trial and may not be advanced in this court. (*Sterrett* v. *Third Nat. Bank of Buffalo*, 122 N. Y. 659, 661, 662.)

Judgment, entered pursuant to the verdict of the jury, and order denying appellant's motion to set aside the verdict and for a new trial, affirmed, with costs.

HAGARTY, J. (dissenting). I dissent and vote to reverse the judgment on the law and to dismiss the complaint, and to dismiss the appeal from the order.

It appears, without dispute, that the building in which the accident occurred was vacated and was boarded up by appellant, Gedex Realty Corporation, in the year 1936. It remained in that condition for three years thereafter. The

property was conveyed by the appellant to defendant Henville Realty Corporation by deed executed on July 6, 1939, and recorded on July 11, 1939, and the accident occurred on July 14, 1939. The deed was delivered on July 6, 1939, or at a later date up to the date of its recording, the exact date being in dispute. Admittedly, defendant Cohen, the president of Henville Realty Corporation, was advised by the appellant, prior to execution and delivery of the deed, that the building had been boarded up for three years and that "it was naturally in bad condition." It was conceded that Cohen inspected the premises on July 12, 1939. Concededly also, at the time of execution of the deed, Cohen executed an instrument by which he acknowledged and approved the statement by the appellant that it was understood that the interest of the appellant was conveyed without any representation as to the condition of the premises. The conveyance was bona fide. The proof, then, is conclusive that the grantee took this property with full knowledge of all defects and dangers therein to be encountered. When Cohen took the plaintiff into the building on the day of the accident, the latter entered the premises under a business relationship existing between him and the former, and in no way did the plaintiff rely upon the prior ownership of the appellant.

Throughout the trial the learned court committed fundamental error in holding as a matter of law that all conversation, understandings and agreements between the appellant and Cohen were in no way binding upon the plaintiff. At the very least, in my opinion, in order to hold liable one who, at the time of the accident, had no title, interest in or control over the premises, it was incumbent upon the plaintiff to show that the former owner had conveyed without apprising the grantee of the defect, and that a sufficient period of time had not elapsed within which the grantee, in the exercise of ordinary diligence, could have ascertained the existence of such defect and remedied it. (*Kilmer* v. *White*, 254 N. Y. 64, 70, 71.) The conclusive proof is all to the contrary. The theory of the trial court was that, if a private nuisance existed at the time of the conveyance, irrespective of anything else, and assuming that plaintiff was not guilty of contributory negligence, the appellant was liable. The trial court unqualifiedly charged: "One who maintains a nuisance remains liable for damages arising even after he has parted with control, provided that in the interim nothing has occurred to change the condition which existed at the time of the conveyance". If that be the law, then the well-established authority of this State, founded on *Blunt* v. *Aikin* (15 Wend. 522), is overthrown; and *Cullings* v. *Goetz* (256 N. Y. 287) and kindred authority also are no longer effective, and one who parts with possession and control, to say nothing of title, remains liable thereafter for all defects which can be said to be nuisances.

The statutes on which the trial court relied, in charging statutory nuisance, are wholly without application. Section 564–15.0 of the Administrative Code of the City of New York clearly relates to public nuisances and, in effect, so states in the first sentence, wherein it is provided that the definition of nuisance embraces public nuisances as known at common law or in equity jurisprudence, as does section C26-193.0 of the Administrative Code of the City of New York relating to removal of a structure or part thereof that may become dangerous or unsafe. The latter section relates to buildings in use. This is evidenced by the second sentence of the section, which requires safeguards on vacant buildings. If these sections are deemed as operative, irrespective of the nature of the building, and whether it is in use or vacant, contrary to the charge of the court, the law would be the same throughout the State as in the city of New York,

in the light of an analogous provision in section 26 of the Public Health Law. If this be the law of the State, then, irrespective of the time element and of knowledge, existence of a private nuisance at the time of a conveyance renders a grantor liable thereafter for injuries occurring by reason thereof. Even if the statutes are applicable to private nuisances existent in vacant buildings, the authority of *Pharm* v. *Lituchy* (283 N. Y. 130) is clearly to the effect that a grantor is not liable unless the grantee did not know of the existence of the nuisance and had no reasonable opportunity to abate it. The definition of nuisance, as contained in the Multiple Dwelling Law, applies to a private nuisance, but only in the restricted cases dealing with multiple dwellings actually in use. In the *Pharm* case (*supra,* p. 132) Judge SEARS wrote: " The law makes this a nuisance, and liability of the owner in such case persists beyond conveyance at least until the new owner has had reasonable opportunity to discover the condition on prompt inspection and to make necessary repairs." In that case it was expressly pointed out that when the defendant conveyed the premises it did not notify the grantee of the dangerous condition of the ceiling in plaintiff's apartment.

In the present case the defective character of the building was completely brought home to the grantee prior to and at the time of the conveyance, which was 'from three to eight days prior to the happening of the accident. Plaintiff was bound, so far as he seeks to recover against the grantor, by the knowledge of the grantee at the time of the conveyance.

While it is true that exceptions were not duly noted to the court's charge, particularly with respect to the application of the quoted statutes, the case never should have gone to the jury, as the motion of the appellant to dismiss, both at the close of plaintiff's case and at the close of the entire case, should have been granted.

There is nothing in this case which would exempt Cohen or his corporation from the ordinary liability of an owner from the time that he or it acquired title.

Close, P. J., Carswell and Johnston, JJ., concur in decision; Hagarty, J., dissents and votes to reverse the judgment on the law, to dismiss the complaint, and to dismiss the appeal from the order, in opinion in which Adel, J., concurs.

Judgment entered pursuant to the verdict of the jury and order denying appellant's motion to set aside the verdict and for a new trial affirmed, with costs.