■ KAREN S. LABY, an Infant, by Her Guardian ad Litem MILTON LABY et al., Appellants, v. MURRAY GORDON et al., Respondents.— In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County, dated April 20, 1959, entered upon a jury's verdict in favor of the defendants. Judgment affirmed, with costs. The infant plaintiff and her mother were riding as passengers in the back seat of a motor vehicle operated by defendant Murray Gordon, the infant's uncle. The motor vehicle was owned by defendant Pauline Gordon, Murray's wife. The mother testified that the accident occurred because her brother Murray Gordon failed to watch the road and did not see an object in front of the car in time to stop it gradually; and that he brought the car to a sudden stop, causing the infant plaintiff to strike her head on the back of the front seat. Defendant Murray Gordon's testimony was substantially the same. At the end of the entire case, plaintiffs did not move for a directed verdict, thus conceding that there were questions of fact to be decided by the jury (cf. *Kluttz* v. *Citron*, 2 N Y 2d 379, 382) and the trial court charged the jury, without exception, that they were to determine questions of credibility and whether the accident occurred in the manner described by the witnesses, and that they were to bear in mind the fact that relationship might color the testimony of the parties and create an interest in the outcome. Although the testimony of the mother of the infant as to the manner in which the accident occurred was not directly contradicted, this charge became the law of the case (cf. *McCabe* v. *Cohen*, 268 App. Div. 1064, affd. 294 N. Y. 522). On the record presented we are unable to say that the jurors were required to give conclusive effect to the testimony in the record as to the manner in which the accident occurred or its cause. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.