THOMAS ROSARIO, an Infant by MARY ROSARIO, His Guardian ad Litem, et al., Appellants, v. GERTRUDE KOSS, as Executrix of DAVID KOSS, Deceased, Respondent.— In an action to recover damages for personal injuries, loss of services and medical expenses, upon allegations of negligence and nuisance, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered October 6, 1965, upon the court's decision dismissing the complaint after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and new trial ordered. Findings of fact which may be inconsistent herewith are reversed. The learned trial court held that the subject premises constituted a two-family house, not subject to the Multiple Dwelling Law; that there had been no express covenant to repair by the landlord (defendant's testator); and that the premises did not constitute a nuisance within the ambit of sections 564-15.0 and C26-193.0 of the New York City Administrative Code. We believe the facts and the law are otherwise. As we read this record, the

premises constituted a multiple dwelling within the ambit of the Multiple Dwelling Law (§ 4, subd. 7) because, prior to the accident, it had been " occupied as the residence * * * of three * * * families living independently of each other." The fact that one of the families moved out a few months before the accident and that at the time of the accident that apartment was temporarily unoccupied did not change the character of the premises as a multiple dwelling, particularly since the premises were occupied by three families when plaintiff moved in and continued to be so occupied for eight months thereafter. In our opinion, the record also sufficiently establishes an express covenant by the landlord to make necessary repairs, in view of the uncontradicted testimony that at the time plaintiff Mary Rosario rented the apartment he promised to paint it and " take care of everything." With respect to the above-mentioned " nuisance " sections of the Administrative Code, the record shows beyond question that the condition of the premises was " dangerous to human life or detrimental to health." Hence, it was such nuisance as comes within the ambit of section 564–15.0 of the Administrative Code, even though it was a private nuisance rather than a public nuisance (*McCabe* v. *Cohen,* 268 App. Div. 1064, affd. on other grounds 294 N. Y. 522). Beldock, P. J., Rabin and Benjamin, JJ., concur; Christ and Hill, JJ., dissent and vote to affirm the judgment, with the following memorandum by Hill, J., in which Christ, J., concurs: This case is one where "It is impossible to consider the plaintiff's injuries without a feeling of profound sympathy " (see *Laidlaw* v. *Sage,* 158 N. Y. 73, 104). However, sympathy aside, we feel constrained to agree with the learned Judge at Trial Term that plaintiffs have failed to show the violation of any duty, statutory or otherwise, owed them by defendant's testator. It is well settled that absent any express covenant to do so, or a statute, a landlord is under no implied obligation or duty to make repairs (34 N. Y. Jur., Landlord and Tenant, § 436; see 2 Harper & James, Law of Torts, § 27.16). There was some testimony that before plaintiffs moved in the landlord promised to paint the apartment and " take care of everything " but that can hardly be said to constitute an *express covenant to repair.* The law has always been most reluctant to imply such a covenant (see 34 N. Y. Jur., Landlord and Tenant, § 436, and cases there cited). Here, there was no written lease or other document to which plaintiffs could point. Their main contention was that the duty to repair was statutory, i.e., by reason of sections 78 and 80 of the Multiple Dwelling Law and sections 564–15.0 and C26–193.0 of the New York City Administrative Code. Unlike the majority, we are not persuaded by this contention. A building is a multiple dwelling if it is intended, arranged or designed to be occupied, in whole or in part, as a house for three or more families (see Multiple Dwelling Law, § 4, subd. 7). This intent or design is a question for the trier of the facts (*Feneis* v. *Lewin,* 185 App. Div. 41; see *Mohin* v. *Wong Sing,* 279 App. Div. 1019). The trier of the instant facts found the premises in question *not* to be a multiple dwelling and there was ample proof (all supplied by plaintiffs) to support this finding. There was testimony that the premises were occupied by only two families for at least eight months prior to the date of the injuries. There was testimony by an inspector for the Department of Health that the department records listed the premises " as a two-family, two-floor frame dwelling ". Finally, there were the admissions by plaintiffs' counsel that " it was a two-family house insofar as construction is concerned " and " at the time of the injury to this infant it was not or could not then be considered a multiple dwelling." As for the applicability of the Administrative Code, the case cited by the majority, *McCabe* v. *Cohen* (268 App. Div. 1064, affd. on other grounds 294 N. Y. 522),

is clearly distinguishable from the case at bar. In *McCabe*, the plaintiff, a business invitee, was injured in a vacant, 10-story loft building. Here, we have the lessee of a private dwelling suing the lessor for injuries sustained while the lessor was out of possession and control. However, *assuming arguendo* that the term "nuisance" as described in sections 564–15.0 and C26–193.0 does contemplate a private nuisance of the type alleged in the instant case, we find no authority for imposing a duty on the landlord, vis-a-vis his tenant to repair the nuisance (see *Campbell* v. *Holding Co.*, 251 N. Y. 446; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Cullings* v. *Goetz*, 256 N. Y. 287). Indeed, the code seems to impose some responsibility in this regard on the tenant. Section 564–17.0 reads in pertinent part as follows: "Nuisance; who is liable.—It is hereby declared to be the duty, of which there shall be a joint and several liability, of every owner, part owner, person interested, *and every lessee, tenant, and occupant of*, or in, any place, water, ground, room, stall, apartment, building * * * to keep, place and preserve the same". (Emphasis supplied.) We would affirm the judgment.