■ George Jalinos, Respondent, v Ramjen Ramkalup et al., Appellants. [679 NYS2d 419] —In an action, inter alia, for ejectment, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Garson, J.), entered September 15, 1997, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover payment for use and occupancy and awarded the plaintiff $4,290 for past use and occupancy and $715 per month for prospective use and occupancy.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion for summary judgment which was to recover payment for use and occupancy is denied; and it is further,

Ordered that, upon searching the record, the order and judg-

ment is modified by adding thereto a provision which grants summary judgment to the defendants dismissing that portion of the complaint which sought to recover payment for use and occupancy; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff is the owner of a two-family home which contains three separate apartments, one of which was occupied by the defendants. The premises therefore constitute a multiple dwelling as defined by Multiple Dwelling Law § 4 (1) and (7) (*see, Rosario v Koss,* 26 AD2d 561, *amended* 26 AD2d 590). The plaintiff served the defendants with a 30-day notice of termination and subsequently commenced this action, *inter alia,* for ejectment. In his complaint, he conceded that the premises were being illegally used as a multiple dwelling without a proper certificate of occupancy or filed registration statement.

An owner of a de facto multiple dwelling who fails to obtain a proper certificate of occupancy or comply with the registration requirements of the Multiple Dwelling Law cannot recover for rent or money for use and occupancy (*see,* Multiple Dwelling Law § 302 [1] [b]; § 325 [2]; 99 *Commercial St. v Llewellyn,* 240 AD2d 481, 483; *Hornfeld v Gaare,* 130 AD2d 398, 400; *Harris v Corbin,* 79 Misc 2d 971). Consequently, the plaintiff is precluded from recovering payment for use and occupancy and the Supreme Court erred in granting that branch of his motion for summary judgment which sought such payment. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.