SHEILA PROPERTIES, INC., Respondent, v A REAL GOOD PLUMBER, INC., et al., Defendants, and ELIZABETH KELLEHER, Appellant. [874 NYS2d 145]—

In an action, inter alia, for ejectment, the defendant Elizabeth Kelleher appeals (1) from an order of the Supreme Court, Kings County (Kurtz, R.), dated December 20, 2006, which, upon an order of the same court (Ruchelsman, J.), dated July 21, 2006, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover use and occupancy, and after a framed-issue hearing on the issue of damages, granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages to the extent of directing only a 10% decrease in her monthly obligation for use and occupancy from the sum of $2,000 to the sum of $1,800, (2) from so much of an order of the same court dated March 2, 2007, as denied her cross motion pursuant to CPLR 3025 (b) for

leave to amend her answer to add defenses related to, among other things, the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*) and the Loft Law (Multiple Dwelling Law art 7-C) and conditionally granted the plaintiff's motion to renew that branch of its prior motion which was for summary judgment on the cause of action for ejectment, which had been determined in the order dated July 21, 2006, in the event that she did not pay the plaintiff the sum of $1,800 on or before March 15, 2007, and (3) from so much of an order of the same court dated May 30, 2007 as granted that branch of the plaintiff's motion which was for an award of use and occupancy retroactive to the commencement of the action.

Ordered that the order dated December 20, 2006 is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of damages is denied, and so much of the order dated July 21, 2006, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover use and occupancy is vacated; and it is further,

Ordered that the order dated March 2, 2007 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 30, 2007 is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was for an award of use and occupancy retroactive to the commencement of the action is denied.

The plaintiff is the owner of a building containing approximately 100 commercial/residential units, one of which was occupied by the defendant Elizabeth Kelleher (hereinafter the defendant). The building therefore constitutes a multiple dwelling as defined by Multiple Dwelling Law § 4 (1) and (7) (*see Rosario v Koss,* 26 AD2d 561 [1966], *amended* 26 AD2d 590 [1966]). The plaintiff commenced this action, inter alia, for ejectment and to recover use and occupancy. The premises were being illegally used as a multiple dwelling without a proper certificate of occupancy or filed registration statement.

An owner of a de facto multiple dwelling who fails to obtain a proper certificate of occupancy or comply with the registration requirements of the Multiple Dwelling Law cannot recover rent or use and occupancy (*see* Multiple Dwelling Law § 302 [1] [b]; § 325 [2]; *Caldwell v American Package Co., Inc.,* 57 AD3d 15 [2008]; *Jalinos v Ramkalup,* 255 AD2d 293 [1998]; *99 Commercial St. v Llewellyn,* 240 AD2d 481, 483 [1997]). Conse-

quently, the plaintiff is precluded from recovering use and occupancy. Therefore, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action to recover use and occupancy, and for an additional award of use and occupancy retroactive to the commencement of the action.

The Supreme Court providently exercised its discretion in denying the defendant's cross motion for leave to amend her answer to include defenses under, among other things, the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*) and the Loft Law (Multiple Dwelling Law art 7-C). Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see Ortega v Bisogno & Meyerson,* 2 AD3d 607 [2003]).

The Loft Law applies only to units that were occupied for residential purposes on April 1, 1980 (*see* Multiple Dwelling Law § 281 [1]). Since the unit at issue here was not so occupied at that time, the Loft Law may not serve as a basis for a defense as a matter of law (*see Caldwell v American Package Co., Inc.,* 57 AD3d at 21).

In order to obtain the protection offered by the Rent Stabilization Law for illegally converted commercial premises, a tenant must demonstrate that the owner acquiesced in the unlawful conversion undertaken at the expense of the occupants, the premises were eligible for residential use by reason of the applicable zoning, and the owner, during the pendency of the proceeding in which the tenants sought Rent Stabilization Law protection, actually sought to legalize the residential use (*see Caldwell v American Package Co., Inc.,* 57 AD3d 15 [2008]; *Matter of 315 Berry St. Corp. v Hanson Fine Arts,* 39 AD3d 656, 657 [2007]). Here, the defendant concedes that the plaintiff has not taken any steps to obtain a residential certificate of occupancy or otherwise obtain legal authorization to convert the premises to such use during the pendency of this proceeding (*see Matter of 315 Berry St. Corp. v Hanson Fine Arts,* 39 AD3d at 657).

Accordingly, the defendant's proposed amendment was patently without merit (*see Caldwell v American Package Co., Inc.,* 57 AD3d 15 [2008]), and the court thus correctly denied the defendant's cross motion for leave to amend the answer. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.