OPINION OF THE COURT
Ruben A. Martino, J.
Introduction
Petitioner commenced the instant nonpayment proceeding against respondent and moves for an order: (a) dismissing and/or severing respondent’s affirmative defenses and/or counterclaims; (b) striking respondent’s jury demand; (c) quashing respondent’s discovery demands; and (d) granting any other and further relief that the court deems as just and proper. Respondent cross-moves for an order dismissing the petition because: (a) the subject building lacks a certificate of occupancy; (b) petitioner did not wait the requisite 30 days after allegedly serving the three-day notice; (c) the alleged three-day notice is facially invalid; and (d) petitioner failed to properly serve its notice of petition and petition. Additionally, respondent cross-moves (a) for an order denying petitioner’s motion in its entirety, and (b) for such other and further relief as the court deems just and proper. Based on petitioner’s notice of motion; respondent’s notice of cross motion; petitioner’s affirmation in opposition to respondent’s motion and in further support of petitioner’s motion; and respondent’s reply affidavit, the court decides as follows.
Decision
Respondent is a tenant in petitioner’s multiple dwelling premises. A Department of Buildings (DOB) inspection revealed a violation invalidating the building’s certificate of occupancy (C/O) (notice of cross motion, exhibit D, Environmental Control Board [ECB] violation No. 34758165Z). Multiple Dwelling Law § 301 states, in relevant part, that no multiple dwelling shall be occupied unless the DOB has issued a C/O for the premises. If an owner fails to comply with section 301, Multiple Dwelling Law § 302 (1) (b) bars the owner from collecting rent and from commencing a nonpayment proceeding to collect rent for the period in which the C/O is invalid.
Neither the court nor counsel has been able to locate a case directly on point. The majority of cases involve either a legal two-family house being used as an unlawful de facto multiple *511 dwelling (see e.g. Jalinos v Ramkalup, 255 AD2d 293 [2d Dept 1998]), or a loft situation where the interim multiple dwelling provisions of Multiple Dwelling Law § 284 apply (see Clinton Hill Lofts 1, LLC v Reid, NYLJ, Aug. 6, 2003, at 23, col 1 [Civ Ct, Kings County]). Multiple Dwelling Law § 284 is inapplicable in the instant case since, as both parties concede, the subject premises are a residential multiple dwelling (see 40 Clinton St. Assoc. v Dolgin, 126 Misc 2d 373 [Civ Ct, NY County 1984]).
The instant case is most analogous to cases involving premises with C/Os that are valid only for portions of the building. In these cases, First Department courts generally apply Multiple Dwelling Law § 302 rent forfeiture provisions when three conditions are met: (1) the C/O violation renders tenant’s residential occupancy unlawful (see Shoretown Mgt. v Kahili, NYLJ, Oct. 28, 1993, at 27, col 3 [App Term, 1st Dept]; 50 E. 78th Corp. v Jire, NYLJ, Dec. 21, 1991, at 25, col 1 [App Term, 1st Dept]); (2) the arrears sought are only for illegal units (see Hart-Zafra v Singh, 16 AD3d 143 [1st Dept 2005]; Hornfeld v Gaare, 130 AD2d 398 [1st Dept 1987]; Brownstone School & Daycare Ctr. v Lenihan, NYLJ, May 5, 1992, at 23, col 3 [Civ Ct, NY County]; Jalinos v Ramkalup, 255 AD2d 293 [1998]; Chan v Kormendi, 118 Misc 2d 1026 [Civ Ct, Queens County 1983]); and (3) the tenant is not complicit in the existence and maintenance of the illegal apartment (see Lipkis v Pikus, 96 Misc 2d 581 [Civ Ct, NY County 1978], mod 99 Misc 2d 518 [App Term, 1st Dept 1997 per curiam], affd 72 AD2d 697 [1st Dept 1979 mem], appeal dismissed 51 NY2d 874 [1980]; Zafra v Sawchuk, NYLJ, Jan. 9, 1995, at 27, col 2 [App Term, 1st Dept]).
In the instant case, petitioner erroneously argues that the C/O violation pertains only to the cellar of the subject building. According to the original notice of violation and hearing, the DOB deemed the entire subject building to be without a valid C/O, rendering respondent’s apartment and occupancy in said apartment unlawful. Petitioner is therefore seeking arrears for an illegal unit. Moreover, respondent was not complicit in creating the alterations that invalidated the C/O. Therefore, petitioner is barred from collecting rent from respondent and from maintaining this proceeding to collect such rent for the period in which the C/O is invalid (see Elizabeth Broome Realty Corp. v China Print. Co., 157 Misc 2d 572 [Civ Ct, NY County 1993]; Reinhard v Vuksanovic, NYLJ, Aug. 1, 1990, at 18, col 5 [Civ Ct, NY County]).
Petitioner notes that there are two possibly conflicting DOB findings regarding the legality of the alterations to the subject *512 building, and argues that a new C/O is not needed for the type of alterations carried out. However, according to current DOB records, there is a violation pending for the entire building and a notice requiring a new C/O. It is for the ECB — and not for this court — to determine the accuracy of the DOB findings. In fact, petitioner has indicated that it has a hearing in September before the ECB regarding the violation. Should the ECB determine that there is in fact no C/O violation, petitioner may commence another nonpayment proceeding against respondent.
Based on the above, the court dismisses petitioner’s nonpayment proceeding without prejudice. It is therefore unnecessary to consider the other grounds raised by the parties.