■ In the Matter of JEAN LUC FIEVET et al., Appellants, v NEW YORK CITY LOFT BOARD et al., Respondents. [53 NYS3d 292]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered February 4, 2015, denying the petition to annul a final determination of respondent New York City Loft Board, dated January 16, 2014, which found that the subject residential units, which qualified as Interim Multiple Dwellings under article 7-C of the Multiple Dwelling Law (the Loft Law) (Multiple Dwelling Law § 281 [1]), but were not subject to rent regulation upon the prior owner's purchase of the former tenant's fixtures and rights pursuant to Multiple Dwelling Law § 286 (6) and (12), did not become subject to rent regulation by reason of the June 21, 2010 amendment of the Loft Law (Multiple Dwelling Law § 281 [5]), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Loft Board's determination that petitioners' units are not subject to rent regulation was rationally based on the record and not contrary to law (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]; *Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.*, 104 AD2d 223, 224-225 [1st Dept 1984], *affd* 66 NY2d 298 [1985]).

Petitioners' units, which were undisputedly covered under the Loft Law as originally enacted in 1982, could not be made subject once again to rent regulation by operation of the 2010 amendment to the Loft Law, which was intended to extend Loft Law coverage to a discrete set of buildings and units not formerly covered under the original Loft Law or the 1987 amendment (*see* Multiple Dwelling Law § 281 [1], [4]-[5]; *see also* Majority Counsel's Mem, Bill Jacket, L 2010, ch 135 at 9 [the legislation "expands the current Loft Law to include approximately 300 buildings or about 3600 additional units that *were not covered by the original Loft Law*" (emphasis added)]; Sponsor's Mem, Bill Jacket, L 2010, ch 135 at 10 [the amendment's effect on the Loft Law as it presently exists will be "(n)one"]). Upon the former tenants' sale of their fixtures and rights in the subject units to a prior owner in 1984 and 1992, respectively, the subject units remained residential and the owner remained "subject to all requirements of the Loft Law and the Loft Board, except that the Unit[s] [are] no longer subject to rent regulation where coverage under Article 7-C . . . was the sole basis for such rent regulation" (*Madeline D'Anthony Enters., Inc. v Sokolowsky*, 101 AD3d 606, 610 [1st Dept 2012] [internal quotation marks omitted]; *see also* 29 RCNY 2-10 [d] [2]). However, nothing in the plain language of Multiple Dwelling Law § 281 (5) or in the legislative history of the 2010 amendments to the Loft Law suggests a legislative intent to re-regulate units that were properly removed from rent regulation pursuant to Multiple Dwelling Law § 286 (6) (*see generally Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]).

Moreover, the prior owner's undisputed buy-out of all fixtures, improvements, and protected-occupancy rights to petitioners' units prior to petitioners' occupancy of those units permanently excludes those units from ever regaining rent regulated status (*see* Multiple Dwelling Law § 286 [6]).*

We have considered petitioners' remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.

---

* We note that the Loft Board also found that petitioners are not "protected occupants. . . [with] Article 7-C statutory rights." None of the parties have challenged that determination on appeal.