Malden v Wykoff S.P., LLC (2021 NY Slip Op 01761)





Malden v Wykoff S.P., LLC


2021 NY Slip Op 01761


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00603
 (Index No. 510054/17)

[*1]Kristine Malden, et al., respondents-appellants, et al., plaintiffs, 
v
Wykoff S.P., LLC, appellant-respondent.


Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Jason M. Frosch of counsel), for appellant-respondent.
Fred L. Seeman, New York, NY (Peter Kirwin of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals, and the plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves cross appeal, from an order and judgment (one paper) of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 13, 2018. The order and judgment, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment on its counterclaim insofar as asserted against the plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves. The order and judgment, insofar as cross appealed from, upon an order of the same court, dated July 19, 2018, inter alia, granting that branch of the defendant's motion which was for an award of pendente lite use and occupancy against the plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and declaring that the subject building is not subject to and covered under the Rent Stabilization Law of 1969 by virtue of the Emergency Tenant Protection Act of 1974, and declared that the subject building is not subject to and covered under the Rent Stabilization Law of 1969 by virtue of the Emergency Tenant Protection Act of 1974.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the first, second, third, and fourth causes of action and declaring that the subject building is not subject to and covered under the Rent Stabilization Law of 1969 by virtue of the Emergency Tenant Protection Act of 1974, and the provision declaring that the subject building is not subject to and covered under the Rent Stabilization Law of 1969 by virtue of the Emergency Tenant Protection Act of 1974, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, that branch of the defendant's motion which was for an award of pendente lite use and occupancy against the plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves is denied, the order dated July 19, 2018, is modified accordingly, one bill of costs is awarded to the plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves, payable by the defendant, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiffs Kristine Malden, Myles Bennett, Zach Weingart, and Matthew Chaves (hereinafter collectively the tenants), are tenants of two units on the third floor of the subject building, which is located in Brooklyn, and the plaintiffs Margo Lafontaine and Max Lemberger (hereinafter together the former tenants and, together with the tenants, the plaintiffs) are former tenants of a third unit located on the same floor. The subject building was previously owned by R.P.S. Properties, LLC (hereinafter RPS), and was sold by RPS to the defendant after this action was commenced. Before the plaintiffs moved into the subject building in 2010, the third floor was a former manufacturing space that had not been developed for residential use. According to the plaintiffs, when they moved into the subject building, RPS assisted them in converting the third floor into three residential units. Chaves, Bennett, and Weingart executed a lease with RPS for unit 3A, the former tenants executed a lease with RPS for unit 3B, and Malden executed a lease with RPS for unit 3C. The subject building did not have a certificate of occupancy for residential use.
In May 2017, the plaintiffs commenced this action against RPS, alleging, inter alia, that even though the subject building did not have a certificate of occupancy for residential use, their tenancies were subject to the protections of the Emergency Tenant Protection Act of 1974 (ETPA) (McKinney's Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4, as amended]), the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-501 et seq., and the Rent Stabilization Code (9 NYCRR) 2520.1-2531.9. The plaintiffs sought, inter alia, a judgment declaring that the subject building is subject to and covered under the RSL by virtue of the ETPA (hereinafter the first cause of action), an order directing the defendant to register the subject building with the New York State Division of Housing and Community Renewal (hereinafter the second cause of action) and issuing the plaintiffs rent-stabilized leases (hereinafter the third cause of action), as well as a judgment declaring that RPS was prohibited under Multiple Dwelling Law § 302(1) from collecting rent from the plaintiffs or from maintaining an action or proceeding for nonpayment of rent against them so long as the subject building lacked a certificate of occupancy pursuant to Multiple Dwelling Law § 301(1) (hereinafter the fourth cause of action). RPS answered the complaint and, among other things, asserted a counterclaim seeking to recover costs incurred in connection with the instant action, including reasonable attorney's fees, pursuant to the terms of the plaintiffs' leases.
In March 2018, after the defendant purchased the subject building from RPS, the former tenants vacated unit 3B and surrendered all rights of occupancy and ownership to the defendant.
The defendant thereafter moved, inter alia, to direct the tenants to pay pendente lite use and occupancy starting from April 1, 2018 and continuing each month. In an order dated July 19, 2018, the Supreme Court granted that branch of the defendant's motion and awarded the defendant pendente lite use and occupancy each month beginning on August 1, 2018, in the amount of $3,500 from Bennett, Weingart, and Chaves, and in the amount of $3,500 from Malden.
Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint, for a declaration that the subject building and the tenants' units were not subject to and covered under the RSL by virtue of the ETPA, and for summary judgment on its counterclaim insofar as asserted against the tenants. In an order and judgment dated December 13, 2018, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and declaring that the subject building was not subject to and covered under the RSL by virtue of the ETPA, declared that the subject building was not subject to and covered under the RSL by virtue of the ETPA, and denied that branch of the defendant's motion which was for summary judgment on its counterclaim insofar as asserted against the tenants. The defendant appeals, and the tenants cross appeal, from those portions of the order and judgment by which there are respectively aggrieved.
As a threshold matter, in its order dated July 19, 2018, the Supreme Court erred in granting that branch of the defendant's motion which was for an award of pendente lite use and occupancy against the tenants. It is undisputed that when the defendant moved for such relief, the [*2]subject building did not have a residential certificate of occupancy. In addition, contrary to the defendant's contention, the tenants demonstrated that the third floor of the subject building constituted a de facto multiple dwelling, as defined under Multiple Dwelling Law § 4(1) and (7), even though the former tenants had recently vacated unit 3B (see Jalinos v Ramkalup, 255 AD2d 293, 294; Rosario v Koss, 26 AD2d 561, 561-562, amended 26 AD2d 590). An owner of a de facto multiple dwelling who fails to obtain a proper certificate of occupancy or comply with the registration requirements of the Multiple Dwelling Law cannot recover rent or use and occupancy (see Multiple Dwelling Law §§ 302[1][b]; 325[2]; Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424, 425; Caldwell v American Package Co., Inc., 57 AD3d 15, 24; Jalinos v Ramkalup, 255 AD2d 293).
Turning to the defendant's motion, inter alia, for summary judgment, the defendant argued that the tenants were not entitled to the protections offered by the ETPA or the RSL because the subject building was an illegally converted commercial premises. In support of the motion, the defendant established, prima facie, that the subject building had been illegally converted and was ineligible for residential use by reason of the applicable zoning (see Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d at 426; Caldwell v American Package Co., Inc., 57 AD3d at 23). However, in opposition, the tenants submitted an affidavit from a registered architect, who opined, inter alia, that the subject building was "subject to conversion for residential usage as an interim multiple dwelling under Article 7-C of the New York State Multiple Dwelling Law." At the time the defendant's motion was decided, Multiple Dwelling Law article 7-C (hereinafter the Loft Law) only extended coverage to, among other things, buildings or portions thereof that were occupied from April 1, 1980, through December 1, 1981, as the residence or home of any three or more families living independently of one another (see Multiple Dwelling Law § 281[1]; Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d at 426), or buildings or portions thereof that were occupied for residential purposes as the residence or home of any three or more families living independently from one another for 12 consecutive months during the period commencing January 1, 2008, and ending December 31, 2009 (see Multiple Dwelling Law § 281[5]; Matter of Fievet v New York City Loft Bd., 150 AD3d 402, 403; Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 607). However, as indicated by the tenants in their submissions to this Court, during the pendency of this appeal and cross appeal, the Legislature amended the Loft Law to expand the period for eligibility to encompass buildings or portions thereof, inter alia, that were occupied for residential purposes as the residence or home of any three or more families living independently from one another for 12 consecutive months during the period commencing January 1, 2015, and ending December 31, 2016 (see Multiple Dwelling Law § 281[6]), and it is undisputed that the tenants have since filed a coverage application under the Loft Law with the New York City Loft Board. Under these circumstances, we cannot conclude, as a matter of law, that the subject building or the tenants' units do not meet the definition of an "interim multiple dwelling" under the most recent amendment to the Loft Law (id.). Accordingly, the defendant is not entitled to summary judgment dismissing the first, second, third, and fourth causes of action and declaring that the subject building is not subject to and covered under the RSL by virtue of the ETPA (see 47 Thames Realty, LLC v Rusconie, 85 AD3d 853, 854).
In view of the tenants' pending application before the Loft Board, the Supreme Court, upon remittal, may wish to consider staying the instant action pending the Loft Board's determination (see Eli Haddad Corp. v Redmond Studio, 102 AD2d 730).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court