Trafalgar Co. v Malone (2021 NY Slip Op 51116(U))

[*1]

Trafalgar Co. v Malone

2021 NY Slip Op 51116(U) [73 Misc 3d 137(A)]

Decided on November 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570108/21

Trafalgar Company,
Petitioner-Landlord-Appellant,
against
Georgia Malone Respondent-Tenant-Respondent, and "John Doe" and
"Jane Doe," Respondents-Occupants-Respondents.

Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of
the City of New York, New York County (Marcia J. Sikowitz, J.), dated March 2, 2021, which,
in two related holdover proceedings, granted tenant's motion for summary judgment on her first
counterclaim and directed the return of rent and/or use and occupancy deposited into court and
paid to landlord during the pendency of the proceedings.

Per Curiam.
Order (Marcia J. Sikowitz, J.), dated March 2, 2021, insofar as appealed from, affirmed, with
$10 costs.
In view of Civil Court's unchallenged determination that the two apartments occupied by
tenant had been previously illegally altered by landlord or its predecessor, and were occupied
without a valid certificate of occupancy, landlord was precluded from recovering rent or use and
occupancy (see Multiple Dwelling Law [MDL] §§ 301[1], 302; Chazon,
LLC v Maugenest, 19 NY3d 410 [2012]; Malden v Wykoff S.P., LLC, 192 AD3d 1002 [2021]; Barrett Japaning, Inc. v Bialobroda,
190 AD3d 544 [2021]; Matter of
GVS Props. LLC v Vargas, 172 AD3d 466 [2019]; Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]; Hart-Zafra v Singh, 16 AD3d 143
[2005]). Thus, the use and occupancy deposited into court by tenant pursuant to RPAPL 745(2),
as per Civil Court's January 2018 orders, was properly directed to be returned to tenant
(see RPAPL 745[2][d][iii]).
We also agree that tenant is entitled to a return of the use and occupancy deposited into [*2]court and paid directly to landlord pursuant to the parties' February
2019 and May 2019 stipulations. The stipulations, which stayed the underlying holdover
proceedings while tenant challenged a DHCR determination that the apartments were not subject
to rent stabilization, respectively directed that tenant deposit into court and, then, tender use and
occupancy directly to landlord as a condition of the stay. The stipulations further provided that
such payment and deposit of the use and occupancy was "without prejudice to any and all of
[tenant's] rights and/or claims and/or defenses regarding the subject apartments and/or the
[holdover] proceedings," language which necessarily included tenant's MDL § 302
counterclaim. Giving proper effect to the plain language of the stipulations (see Mill Rock
Plaza Assoc. v Lively, 224 AD2d 301 [1996]), and the court's ultimate unchallenged finding
that the premises lacked a valid certificate of occupancy, the use and occupancy paid or deposited
pendente lite was properly directed to be returned.
In the circumstances, this case is distinguishable from cases like Goho Equities v
Weiss (149 Misc 2d 628 [App Term, 1st Dept 1991]), where we held that use and occupancy
voluntarily paid by a tenant is not recoverable pursuant to MDL § 302 and Rosgro
Realty Co. v Braynen (70 Misc 2d 808 [App Term, 1st Dept 1972], affd sub nom.
Grosfeld v Braynen, 41 AD2d 605 [1973]), where we held that money deposited by a tenant
as a condition of a stay is not recoverable under the Multiple Dwelling Law. Unlike those cases,
here the parties expressly stipulated that the payment and deposit of use and occupancy were
subject to tenant's MDL claim.
We have examined landlord's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 26, 2021