Nelson-Taylor v Brooks (2025 NY Slip Op 50314(U))

[*1]

Nelson-Taylor v Brooks

2025 NY Slip Op 50314(U)

Decided on March 11, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2025
Civil Court of the City of New York, Queens County

Petrona E. Nelson-Taylor, Plaintiff,

against
Conrad Brooks & RHODA BROOKS, Defendants

Index No. SC-000959-20/QU

Plaintiff:
Pro Se
Defendant:
Jack L. Glasser PC
89-10 Sutphin Boulevard, Jamaica, New York 11435
Phone: (718) 526-8100

Mark Kagan, J.

A small claims trial was conducted wherein the claimant landlord seeks rent owed in the amount of $9,375. There is really no dispute the defendants, tenants in a two-family dwelling, owe the rent sought. The defendants argue they are not required to pay the rent since the dwelling contained an illegal basement apartment which suspended the landlord's right to collect rent from any tenant. The landlord disputed that any illegal residence existed in the basement. The court heard testimony and has reviewed that testimony as well as all the evidence submitted.
On December 1, 2007 the parties entered into a one year lease for a unit located at 246-11 Memphis Avenue in Rosedale, New York. In September 2019 the tenants stopped paying rent and the landlord commenced a landlord-tenant action. The parties entered into a stipulation on February 3, 2020 and the defendants agreed to vacate the premises. The rental arrears, the subject of this action, were severed pursuant to the stipulation agreement. As noted, the defendants argue they cannot be required to pay any rent since the existence of an illegal apartment rendered the premises subject to the Multiple Dwelling Law. This designation required the landlord to obtain a new certificate of occupancy to conform to the change of use within the premises. Without such certificate of occupancy they assert they do not have to pay any rent. The claimant asserts the basement was not used as an additional dwelling and there is [*2]no basis for the defendants to withhold rent that is owed.
Conclusions of Law
A review of all the evidence demonstrates the defendants sufficiently established the basement apartment was used as an additional dwelling. The defendants presented testimony as well as supporting documentation in the form of photographs and documents that establish another individual resided in the basement. Thus, the defendants satisfied their burden regarding their defense of nonpayment of rent. However, that does not end the inquiry. The next question that must be addressed is whether an illegal apartment suspends the payment of rent by every tenant of the premises.
Multiple Dwelling Law §301(1) states that no multiple dwelling may be occupied without a valid certificate of occupancy. Further, Multiple Dwelling Law §302(1)(a) and (b) states that if a dwelling is occupied in whole or in part without a certificate of occupancy then "no rent shall be recovered by the owner of such premises for said period" (id). Therefore, if a building does not maintain a valid certificate of occupancy then no rent may be collected from any unit (Caldwell v. American Package Company Inc., 57 AD3d 15, 866 NYS2d 275 [2d Dept., 2008]). However, there is a disagreement whether rent can be collected from a legal apartment in a building that also maintained illegal units for which no certificate of occupancy existed. For example, in De La Cruz v. Miller, 2023 WL 5351006 [Supreme Court Kings County 2023] the court noted that "although the lack of a proper certificate of occupancy for a rent-controlled apartment precludes a landlord from recovering rent or use and occupancy for that apartment, it does not preclude a landlord from recovering rent or use and occupancy for apartments unaffected by the certificate of occupancy violations" (id). Again, in Santiago v. Perez, 1992 NYLJ LEXIS 8800 [Civil Court Queens County 1992] the court held that tenants of a legal unit could not avoid paying rent merely because an illegal unit existed if the tenants of the lawful unit were unaffected by the illegal possession. The court concluded it would be "inequitable" and akin to unjust enrichment to permit the tenants of a lawful unit to avoid rent merely because an apartment unit in the building was illegal. Recently, in Taubes v. Yorkshire House Associates LLC, 2024 WL 1117155 [Supreme Court New York County 2024] the court again held that the tenant of a lawful apartment was required to pay rent where that apartment was unaffected by any certificate of occupancy violations in other portions of the building (see, also, Chan v. Kormendi, 118 Misc 2d 1026, 462 NYS2d 943 [Civil Court Queens County 1983] finding that prohibiting a landlord from receiving rent from a legal apartment because an illegal basements exists is "inequitable" and "grossly injurious" and that "the penalty or sanction should fit the crime" [id]). 
There are cases, indeed, the majority of cases, that hold the exact opposite, namely the failure to maintain a valid certificate of occupancy exempts every tenant from paying rent. Thus, in West 47th Holdings LLC v. Eliyahu, 64 Misc 3d 133(A), 116 NYS3d 843 [Supreme Court Appellate Term First Department 2019]) the landlord subdivided two apartments into four units which required a new certificate of occupancy. The court held that without that new certificate, any occupancy was in violation of Multiple Dwelling Law §301 and consequently no action for the nonpayment of rent was permissible. The court concluded this was true "even if tenant's apartment was not one of the newly created apartments" (id). Again, in 936 TYH RM Bronx LLC v. Brujan, 2022 WL 15524927 [Civil Court Bronx County 2022] an illegal unit existed in the cellar of the premises. The court held that no rent could be collected rent from any tenant [*3]"even if the tenant's unit is not the illegal unit" (id, see, also, 1165 Fulton Ave HDFC v. Goings, 65 Misc 3d 1210(A), 119 NYS3d 9 [Civil Court New York County 2019], GMT 3435 Realty LLC v. Hyman, 83 Misc 3d 1287(A), 216 NYS3d 508 [Civil Court Bronx County 2024], GVS Properties LLC v. Vargas, 59 Misc 3d 128(A), 100 NYS3d 609 [Appellate Term First Department 2018], 208 Nimrod Street LLC v. Irizarry, 42 Misc 3d 145(A), 988 NYS2d 526 [Appellate Division Second Department 2014], Kaloedas v. Garcia, 76 Misc 3d 482, 174 NYS3d 194 [City Court Yonkers 2022], 28 Poplar LLC v. Matos, 2023 NYLJ LEXIS 2023 [City Court Yonkers 2023] both interpreting identically worded Multiple Residence Law §302-a).
Considering these conflicting results a review of the statutory definitions that govern these facts will prove helpful. Pursuant to MDL §4(7) a multiple dwelling is defined as "a dwelling that is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other" (id). Where the owner of a legal two-family dwelling converts a basement to a residential unit then the building is classified as a de facto multiple dwelling. Further, "an owner of a de facto multiple dwelling who fails to obtain a proper certificate of occupancy or comply with the registration requirements of the Multiple Dwelling Law cannot recover rent or use and occupancy" (Malden v. Wykoff S.P. LLC, 192 AD3d 1002, 146 NYS3d 143 [2d Dept., 2021], see, also, Shiela Properties Inc., v. A Real Good Plumber Inc., 59 AD3d 424, 874 NYS2d 145 [2d Dept., 2009]). A strained reading of those cases supports the argument that only the tenant of the illegally converted unit need not pay rent but the other tenants must, in fact, pay rent. The natural reading of those cases supports the tenant's argument that no tenant must pay rent if any unit does not conform to the certificate of occupancy. Moreover, Multiple Dwelling Law §301(1) and §302(1)(a) and (b) states that "no rent shall be recovered" for any "dwelling or structure" that is "occupied in whole or in part" without a certificate that "said dwelling conforms in all respects" to the Multiple Dwelling Law (id). That language further supports the assertion that no rent can be collected, even from units that are legal, if some illegality renders the certificate of occupancy invalid in any respect. Concerning arguments this result is unfair or unjust (Chan v. Kormendi, supra) or can perhaps be manipulated by an unscrupulous tenant of a legal apartment to avoid paying rent by facilitating the existence of an illegal apartment (see, The Barring of rent in the Absence of a Certificate of Occupancy-A Rule Still in Much Need of Clarification, by Nativ Winiarsky, New York Law Journal, September 6, 2023) such arguments must properly be raised to the Legislature (see, Chazon LLC v. Maugenest, 19 NY3d 410, 948 NYS3d 571 [2012]). This court cannot ignore the plain reading of the statutes and cases that have followed such plain readings in favor of cases, however reasonable from policy perspectives, that do not adhere to such plain readings of the statutes. This court is bound to conclude that since the dwelling in this case was a de facto multiple dwelling no tenant was required to pay rent. Therefore, the request for rent is consequently denied. Lastly, any request for attorney fees is denied.
This shall constitute the decision and order of the court.
Dated: March 11, 2025
Hon. Mark Kagan, JCC