SG & Sons Realty LLC. v Noman (2026 NY Slip Op 50087(U))

[*1]

SG & Sons Realty LLC. v Noman

2026 NY Slip Op 50087(U)

Decided on January 27, 2026

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2026
Civil Court of the City of New York, Kings County

SG & Sons Realty LLC., Petitioner

againstAli Ahmed Noman, Mohamed Esa, Brooklyn, New York 112, Respondent.

Index No. L&T No. 301161-25

Hannah Cohen, J.

Recitation, as required by CPLR §2219(a), of the papers considered in review of respondent's motion seeking summary judgment pursuant to CPLR 3212 and ensuing opposition and reply.
Papers NumberedMotion 1Opposition 2Reply 3Upon the foregoing cited papers, the Decision and Order on this motion is as follows:Petitioner commenced this non-payment proceeding seeking rental arrears from May 2024 through December 2024 for a total of $17,076.59. The subject premises is subject to rent stabilization. Both parties are represented by counsel. Respondent by motion seeks dismissal pursuant to CPLR 3212 in that occupancy is contrary to the certificate of occupancy and pursuant to MDL 302 and 303, petitioner may not collect rent until said occupancy is in conformance. In support, respondents submit an OATH/ECB violation dated August 12, 2014 - occupancy contrary to department records, 2 "A" class apartments in cellar without permits - violation 35108004J. Respondent's attorney affirms said violation remains active on the DOB website.
Petitioner in opposition argues that a DOB compliance inspection was performed on August 10, 2023 and that the HPD overview printout notes no current vacate order exists on its website. Petitioner argues that the violation has been cured, that there are no individuals currently living in the cellar and that respondent's unit is a legal unit and currently $43,495.43 in rent is owed to petitioner. Petitioner submits the DOB records relating to that violation and proof DOB dismissed another violation, #351080034 as proof of compliance.
In reply respondent notes that petitioner's own submission of DOB records indicate that indeed a compliance inspection was performed on August 10, 2023 however the comments indicate " no access LS4 posted/vacate remains" Respondent also argues that the violation that [*2]was dismissed was for work without a permit and the violation for occupancy contrary to department records remains active.
Courts have routinely held that where petitioner lacks a certificate of occupancy, the petitioner is barred from collecting rent from the premises. The Court of Appeals is Chazon LLC v Maugenest, 19 NY3d 410 [2012] found that where a landlord was not in compliance with the loft law requirements, the landlord was barred from collecting rent.. The court found in the absence of compliance, the law's command is quite clear: "No rent shall be recovered by the owner of such premises . . . and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent." Those are the words of Multiple Dwelling Law § 302 (1) (b). The court went on the reason that if the result of a complete bar to collecting rent is a harsh or undesirable result, the problem is one to be addressed by the Legislature.
Prior to holding in Chazon, supra, , the lower courts found circumstances that limited the general application of MDL § 302. Courts looked to whether the C/O violation renders the tenant's residential occupancy unlawful, or whether arrears sought are only for the illegal units and whether the tenant was not complicate in the existence and maintenance of the illegal unit (See 58 East 130th Street LLC v. Mouton, 25 Misc 3d 509, 2009 NY Slip Op. 29309 [Civ Ct, NY County 2009]; Hart-Zafra v. Singh, 16 AD3d 143 [1st Dept 2005]). In Chazon, supra, the Court of Appeals made it clear that no such limitation was mandated under the law and went on to opine that the limitation of the application of MDL § 302 "may make sense from a practical point of view...but we find nothing in the opinions endorsing such results... and nothing anywhere else to explain how they can be reconciled with the text of the statute. They simply cannot." (Id. at 415; see also West 47th Holdings LLC v. Eliyahu, 64 Misc 3d 133[A], 2019 NY Slip Op. 51066[U] [App Term, 1st Dept 2019] ["If a dwelling or structure is 'occupied in whole or in part for human habitation in violation of [MDL 301] [n] rent shall be recovered by the owner of such premises and no action or special proceeding shall be maintained therefore, or for possession of said premises for nonpayment such rent.' GVS Properties LLC v. Vargas, 59 Misc 3d 128[A], 2018 NY Slip Op. 50396[U] [App Term, 1st Dept 2016] aff'd 172 AD3d 466 [1st Dept 2019] ( non payment barred even if tenant's apartment was not one of the newly created apartments."]; 49 Bleeker, Inc v Gatien, 157 AD3d 619 [1st Dept 2018](owner of respondents' dwelling, was precluded from charging respondents rent or other remuneration while the building lacked a certificate of occupancy for residential use; 1165 Fulton Ave HDFC v. Goings, 65 Misc 3d 1210(A), 119 N.Y.S.3d 9 (NY Civ. Ct. 2019) (dismissing non payment proceeding pursuant to MDL 301 and 302);(Malden v Wykoff S.P., LLC, 192 AD3d 1002 [2021]; Barrett Japaning, Inc. v Bialobroda, 190 AD3d 544 [2021]; Matter of GVS Props. LLC v Vargas, 172 AD3d 466 [2019]; Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]; Hart-Zafra v Singh, 16 AD3d 143 [2005]; Trafalgar Co. v. Malone, 73 Misc 3d 137(A), 155 N.Y.S.3d 272 (NY App. Term. 2021); rent is barred even if the tenant's unit is not the illegal unit. (see West 47th Holdings LLC v Eliyahu, 64 Misc 3d 133(A), 1-2, 2019 NY Slip Op 51066(U) [App Term, 1st Dept 2019]; 49 Bleecker, Inc. v Gatien, 157 AD3d 619, 620, 69 NYS3d 863 [1st Dept 2018] ("The owner of a 'dwelling or structure occupied in whole or in part for human habitation in violation of [§ 301]' may not recover rent for the period during which there is no certificate of occupancy for 'such premises"'); see also 1165 Fulton Ave. HDFC v Goings, 65 Misc 3d 1210(A), 2019 NY [*3]Slip Op 51567(U) [Civ Ct, Bronx County 2019] (noting the change in how courts in this department apply MDL 302 after the Court of Appeals holding in Chazon LLC v Maugenest (19 NY3d 410, 948 NYS2d 571 [2012]; 936 Tyh RM Bronx LLC v. Brujan, No. 311191-2022, 2022 WL 15524927, at 2 (N.Y.City Civ.Ct. Oct. 24, 2022); 208 Nimrod Street LLC v Irizarry, 42 Misc 3d 145(A) [AD2d 2014]).
The court is mindful that a few courts have held that use and occupancy/rent is permitted if the certificate of occupancy violation is not for and does not affect the legal unit (See Santiago v Perez, 1992 NYLJ Lexis 8800 [Civ Ct Queens Co 1992], noting unjust enrichment for non affected unit to be absolved from payment of rent, and again recently in Taubes v Yorkshire House Associates LLC, 2024 WL 1117155 [ Supreme Court New York County 2024], citing Chan v Kormendi, 118 Misc 2d 1026 [Civil Ct Queens Co 1983], where court found tenant of lawful apartment was required to pay rent where that apartment was unaffected by any certificate of occupancy violation in other parts of the building.
A strict reading of MDL 301(a) and MDL 302 (1) (a) conclude that "no rent shall be recovered"... for any "dwelling or structure" that is "occupied in whole or in part" without a certificate that "conforms in all respects" to the Multiple Dwelling Law.
Courts have held that summary judgment will be granted "if upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Zuckerman v City of New York, 49 NY2d 557 [1980]). In considering a summary judgment motion, the courts function is to determine whether a material issue of fact exists, not to determine said issues (Esteve v Abad, 271 AD 725 [1st Dept 1947]). Summary judgement should be granted when the moving party makes a prima facie showing of entitlement to judgment as a mate of law, giving sufficient evidence to eliminate any material issues of fact from the case. See (Winegrad v New York University Medical Center, 64 NY2d 851 [1985]).
Herein the DOB records indicate that although the ECB fine was paid in 2015, DOB has not removed said violation. Once a violation by ECB is placed, regardless of whether the fine is paid, a party must file a certification of correction of the violation and said certification must be accepted by DOB. A failure to do so, allows the violation to remain open, as herein. It is unclear if petitioner filed said correction, however what is clear is that DOB was denied access in 2023 and the violation remains open. As an open ECB violation currently exists regarding the certificate of occupancy, petitioner is barred from collecting rent while the premises is in violation of the certificate of occupancy, based upon a clear reading of the statute. Any arguments regarding unjust enrichment, must be properly raised to the Legislature [See Chazon LLC v Maugenest, 19 NY3d 410 [2012]).
Respondent's motion for summary judgment seeking dismiss is granted and the petition is dismissed without prejudice to petitioner's right to commence a new proceeding once DOB violation is removed.
This constitutes the decision and order of this court.
Dated: January 27, 2026Brooklyn, New YorkHannah Cohen, J.H.C.